STATE *vs.* SAMUEL G. LITTLEFIELD.

Androscoggin.   Opinion January 1, 1880.

*Indictment.   Former conviction.   Pleading.*

The defendant committed a vio lent assault upon one George Morton on the third day of March, 1879, and on the fourth day of March was prosecuted before the municipal court of Lewiston, and convicted of assault and battery.   On the twenty-third day of March said Morton died of the injuries inflicted by the defendant, and the defendant was thereupon indicted for manslaughter, and when arraigned pleaded the former conviction of assault and battery in bar.   *Held,* that the plea was no bar to the indictment.

The general rule is that if the first indictment were such as the prisoner might have been convicted upon by proof of the facts contained in the second indictment, an acquittal or conviction on the first indictment will be a bar to the second.

To this general rule there is this exception. When after the first prosecution a new fact supervenes, for which the defendant is responsible, which changes the character of the offense and together with the facts existing at the time constitutes a new and distinct crime, an acquittal or conviction of the first offense is not a bar to an indictment for the other distinct crime.

While the defendant under our statute may be convicted on this indictment of assault and battery, on failure of proof that death resulted from the injuries inflicted, still he may protect himself from being twice in jeopardy for that offense by pleading in bar the former conviction of the crime of assault and battery embraced in the indi ctment and not guilty of manslaughter, and then if convicted of m anslaughter he shall have judgment therefor.   If acquitted of manslaugh ter he shall have the benefit of his plea in bar as to assault and battery.

ON EXCEPTIONS.

The defendant was indicted for manslaughter, in causing the death of one George Morton. The indictment was found at the April term of the supreme judicial court in said county 1879, and contains two counts substantially as follows :

I. . . . "That Samuel G. Littlefield, of Lewiston, in the county of Androscoggin aforesaid, on the third day of March, in the year of our Lord one thousand eight hundred and seventy-nine, at Lewiston aforesaid, in the county of Androscoggin aforesaid, in and upon the body of one George Morton unlawfully, wilfully and feloniously did make an assault, and him the said George Morton then and there unlawfully, wilfully and feloniously did kill and slay, against the peace—" etc.

II. . . . "that Samuel G. Littlefield of Lewiston, in the county of Androscoggin aforesaid, on the third day of March, in the year of our Lord one thousand eight hundred and seventy-nine, at Lewiston aforesaid, in the county of Androscoggin aforesaid, in and upon the body of one George Morton unlawfully, wilfully and feloniously did make an assault, and that the said Samuel G. Littlefield, then and there with his hands and feet the said George Morton unlawfully, wilfully and feloniously did strike, beat and kick, in and upon the head, neck, breast, and other parts of the body of the said George Morton ; and did, then and there unlawfully, wilfully and feloniously cast and throw the said George Morton down unto and upon the floor with great force and violence, there giving unto the said George Morton then and there, as well by the beating, striking and kicking of the said George Morton in manner and form aforesaid, as by the casting and throwing of said George Morton down as aforesaid, several mortal strokes, wounds and bruises in and upon the head, neck, breast and other parts of the body of the said George Morton, of which said mortal strokes, wounds and bruises the said George Morton, from the said third day of March in the year aforesaid until the twenty-third day of March in the year aforesaid, did languish, and languishing did live, on which said twenty-third day of March, in the year aforesaid, the said George Morton, at Lewiston aforesaid, in the county aforesaid, of the said mortal strokes, wounds and bruises, died.

And so the jurors aforesaid, upon their oaths aforesaid, do say that the said Samuel G. Littlefield the said George Morton in the manner and form aforesaid, unlawfully, wilfully and feloniously did kill and slay, against the peace of said state, and contrary to the form of the statute in such case made and provided."

To this indictment, the defendant when arraigned, April term, 1879, pleaded the following plea in bar :

"And the said Samuel G. Littlefield in his own proper person cometh into court here, and having heard the said indictment read, saith that the said state ought not further to prosecute the said indictment against the said Samuel Littlefield, in respect of the offense in the said indictment mentioned, because he saith, that heretofore, to wit, at the municipal court for the city of Lewiston, in the said county of Androscoggin, on the fourth day of March, A. D. 1879, Samuel Littlefield of Lewiston, in said county, was brought before Adelbert D. Cornish, judge of the said municipal court for the city of Lewiston, in said county, upon the complaint, on oath, of J. C. Quimby, of Lewiston, in said county, and issued by the clerk of said court, charging him, the said Samuel Littlefield, with the crime of assault and battery upon one George Morton, at Lewiston, on the third day of March, A. D. 1879, as is fully set forth in said complaint, in the words following, to wit :

STATE OF MAINE.

"ANDROSCOGGIN, ss.

To the clerk of our municipal court for the city of Lewiston, in the county of Androscoggin :

"J. C. Quimby, of Lewiston, in the county of Androscoggin, on the fourth day of March, in the year of our Lord one thousand eight hundred and seventy-nine, in behalf of the state, on oath complains : that Samuel Littlefield of Lewiston, in said county, laborer, on the third day of March, in the year of our Lord one thousand eight hundred and seventy-nine, at said Lewiston, in said county, with force and arms and unlawfully in and upon one George Morton, in the peace of the state then and there being, an assault did make, and him, the said George Morton, did then and there beat, wound and ill-treat, and other wrongs to the said

George Morton then and there did, to the great injury of the said George Morton, against the peace of said state, and contrary to the form of the statute in such cases made and provided.

"Wherefore the said J. C. Quimby prays that the said Samuel Littlefield be apprehended and held to answer to this complaint, and further dealt with thereon as to law and justice shall appertain."

(Signed.)                                J. C. QUIMBY."

"ANDROSCOGGIN, ss.

On the fourth day of March aforesaid, in the year aforesaid, the above-named J. C. Quimby personally appeared, and made oath to the truth of the foregoing complaint.

Before me, EVERETT A. NASH, *said clerk.*

"And the said complaint was read to him, and being asked if he was guilty or not guilty, said that he was not guilty, and thereupon on the eighth day of March, A. D. 1879, after a full hearing of the evidence adduced, it appeared to said judge that said Samuel Littlefield was guilty in manner and form as is in said complaint alleged.

"It was therefore considered and ordered by the said judge, that the said Samuel Littlefield be sentenced to three months' labor and imprisonment in our county jail at Auburn, and stand committed until this sentence be performed; and he was committed, as by the record thereof, in the said court remaining, more fully and at large appears, which said judgment and conviction still remain in full force and effect, and not in the least reversed or made void.

"And the said Samuel G. Littlefield further saith, that the said Samuel G. Littlefield and the said Samuel Littlefield, so complained of and convicted are one and the same person, and not other or different. And the said Samuel G. Littlefield further saith, that the offense of which the said Samuel G. Littlefield was so complained of and convicted as aforesaid, and the offense for which he is now indicted are one and the same offense, and not other or different.

"And this the said Samuel Littlefield is ready to verify; wherefore he prays judgment if the said state ought further to

prosecute the said indictment against the said Samuel G. Little-field, in respect of the said offense in the said indictment mentioned, and that the said Samuel G. Littlefield may be dismissed and discharged from the same."

To the foregoing plea, the attorney for the state filed a general demurrer, which was joined.

The presiding justice sustained the demurrer, and adjudged the plea bad.

The defendant, being ordered to plead further, plead guilty.

If the plea in bar is adjudged good by the law court, the defendanr is to have leave to retract his plea of guilty. The defendant alleged exceptions.

*W. H. White*, (county attorney) for the state.

*L. H. Hutchinson & A. R. Savage*, for the defendant, cited Stat. 1874, c. 626. Const. U. S. Const. Maine, Stats. 1871, c. 118, § 5. 1872, c. 82. R. S., c. 131, § 9. *State* v. *Smith*, 32 Maine, 369. *Smith* v. *State*, 33 Id. 48. R. S., c. 135, § 2. Stat. 1877, c. 183. *Com.* v. *Bubser*, 14 Gray, 84. *Com.* v. *Cunningham*, 13 Mass. 245. *Com.* v. *Bosworth*, 113 Mass. 200. R. S., c. 131, § 4. *Com.* v. *Drum*, 19 Pick. 479.

LIBBEY, J. This is an indictment for manslaughter. The indictment alleges, in substance, that the defendant on the third day of March, 1879, made an assault upon one George Morton, and inflicted upon him certain mortal wounds of which he died on the twenty-third of said month.

The defendant pleaded in bar a former conviction of simple assault and battery upon said Morton, on said third day of March, before the municipal court of Lewiston, on the fourth day of said March.

To this plea the county attorney filed a general demurrer, which was joined, and the demurrer was sustained by the court, and the defendant ordered to plead over, and thereupon pleaded guilty.

The case comes before this court on exceptions to the foregoing ruling, with the stipulation that, if the plea in bar is adjudged good by this court the defendant is to have leave to withdraw his plea of guilty.

No objection is made in argument to the sufficiency of the defendant's plea in bar, but the case is presented by both sides upon the facts, assuming that the pleadings are in proper form to raise the legal questions involved. We, therefore, have no occasion to consider the sufficiency of the plea either in form or substance.

The precise question presented is, whether the conviction of the defendant, before the municipal court of Lewiston, on the fourth day of March, of simple assault and battery, for the same battery of which Morton died, on the twenty-third day of March, is a bar to the indictment for manslaughter.

The plea of former conviction, like that of former acquittal, is founded upon that great principal and fundamental maxim of criminal jurisprudence, that no man shall be twice put in jeopardy for the same offense. This is one of the ancient and well established principles of the common law, sanctioned and enforced in the constitution of this state in the following words : "No person, for the same offense, shall be twice put in jeopardy of life or limb." Const. of Maine, art. 1, § 8. This clause is, in substance, embraced in most, if not all of the constitutions of the several states, and in the constitution of the United States ; and, as construed by the court, is equivalent to a declaration of the common law rule that no person shall be twice tried for the same offense.

To constitute a bar to the indictment against the defendant it is a well established rule that the former conviction must have been for the same offense in law and in fact.

Mr. Justice Blackstone states the rule thus : "It is to be observed that the pleas in *autrefoits acquit* and *autrefoits convict,* or a former acquittal, and a former conviction, must be upon a prosecution for the same identical act and crime." 4 Black. Com. 336.

It is believed that this rule is uniformly recognized and sanctioned by courts governed by the rules of the common law. *Rex* v. *Vandercomb,* 2 Leach C. C. 708. Stark Cr. Pl. 355 (1 Am. ed.) *Comm.* v. *Roby,* 12 Pick. 496. 2 Lead. Cr. Cas. 555, (note by B. & H.) and cases there cited.

Mr. Chitty states the rule as follows : "as to the identity of

the offense, if the crimes charged in the former and present prosecution are so distinct that evidence of the one will not support the other, it is inconsistent with reason, as it is repugnant to the rules of law, to say, that the offenses are so far the same, that an acquittal of the one will be a bar to the prosecution for the other." 1 Chit. Cr. Law. 453.

In *Comm. v. Roby*, Shaw, C. J., says : "In considering the identity of the offense, it must appear by the plea, that the offense charged in both cases was the same in law and in fact."

The general rule, by which it is to be determined whether an acquittal or conviction on one indictment is a good bar to another, is stated by many authorities, in substance, as follows : if the first indictment were such as the prisoner might have been convicted upon, by proof of the facts contained in the second indictment, an acquittal or conviction on the first indictment will be a bar to the second. *Rex* v. *Vandercomb, supra.* 2 East's P. C. 522. *Comm.* v. *Roby, supra.*

This general rule is, however, subject to this exception. When, after the first prosecution, a new fact supervenes, for which the defendant is responsible, which changes the character of the offense, and together with the facts existing at the time constitute a new and distinct crime, an acquittal or conviction of the first offense is not a bar to an indictment for the other distinct crime. Case of Nicholas, Foster's Cr. L. 64. *Comm.* v. *Roby. Burns & Cary* v. *The People*, 1 Parker, C. C. 183. *Comm.* v. *Evans*, 101 Mass. 25. *State* v. *Hattabough*, Cen. Law Journal, August 1, 1879, page 87 (S. C. Indiana).

*Comm.* v. *Roby*, was an indictment for murder. The defendant pleaded in bar a conviction of assault with intent to murder, before the death of the party assaulted. Shaw, C. J., in discussing the question of the identity of the offenses, says : "The indictment for murder necessarily charges the fact of killing, as the essential and most material fact, which gives its legal character to the offense. If the party assaulted, after a felonious assault, dies within the year and a day, the same act, which till the death was an assault and misdemeanor only, though aggravated, is by that event shown to have been a mortal wound. The event, strictly

speaking, does not change the character of the act, but it relates back to the time of the assault, and the same act, which might be a felonious assault only had the party not died, is in truth shown by that event to have been a mortal wound ; and the crime, which would otherwise have been an aggravated misdemeanor, is thus shown to be a capital felony. The facts are essentially different, and the legal character of the crime essentially different." The same principle is affirmed in *Comm.* v. *Evans, Burns* v. *The People,* and *State* v. *Hattabough, supra,* which in their facts, are like the case at bar.

At the time of the first prosecution and conviction the defendant had not committed the crime with which he is now charged. True the force had been inflicted upon the body of Morton, but his death had not ensued. The force was acting to produce its effect, and the defendant was as much responsible for its natural and necessary result as if he had all the while been pressing it upon the body of his victim. When death was caused by that force a new and distinct crime was consummated by the defendant, of which he was not before guilty, and for which he could not have been convicted at the time of the first prosecution. The offenses are not the same in fact, and therefore are not identical.

It is claimed in behalf of the defendant, that, as by the statutes of this state, the crime of assault and battery is now a felony, he may, under this indictment, be again convicted of that crime and thus be twice punished for the same offense. If the homicide was caused by the injuries inflicted, which is not denied by the plea in bar, but admitted by the plea of guilty, which is a part of the case, the defendant cannot properly be convicted upon this indictment of assault and battery, because it must be either murder, manslaughter, or justifiable homicide. *Burns* v. *The People,* 1 Parker, 183. A conviction of assault and battery would be authorized only on failure of proof that death resulted from the injuries inflicted.

But it frequently happens that a man is in a certain sense, twice punished for the same acts ; as when the facts constituting the first offense, taken in connection with other facts, for which he is responsible, constitute a distinct and different offense. In such

case, although he has been convicted of the first offense, he may be convicted of the second, notwithstanding that to convict of the second, it is necessary to prove the facts embraced in the first. The rule upon this point is very clearly and fully stated by Walton, J., in *State* v. *Inness*, 53 Maine, 536.

But, admitting that the defendant may be legally convicted of the crime of assault and battery, on this indictment, still we are of opinion, that, under the rules of pleading, he may protect himself from being twice in jeopardy for the same offense. He may plead the former conviction in bar of the offense of assault and battery, embraced in the indictment, and not guilty of manslaughter; and then if acquitted of manslaughter, he will have the benefit of his plea in bar. At common law the plea of former conviction in bar must set forth the record of the former conviction, and plead over as to the felony. 2 Hale, 255-392. Arch. Cr. Pr. and Pl. 352. *Comm.* v. *Curtis*, 11 Pick. 133. Stark. Cr. Pl. 370, 375. Upon this point Starkey says, "and in general the pleading not guilty is no waiver of a special plea, and does not render it double." "But if A., having the king's pardon of manslaughter be arraigned upon an indictment for murder, he ought not to plead not guilty, for he would thereby waive his pardon. He ought to confess the indictment as to manslaughter, and plead the king's pardon; and as to the killing with malice prepense he shall plead that he is not guilty. Then if he were found guilty of murder, he would have judgment; if acquitted of murder, his plea would be allowed." Stark. Cr. Pl. *supra*. The same principle applies to a plea of former conviction.

This rule is recognized in *Comm.* v. *Curtis, supra*, which was an indictment for larceny in a dwelling-house, and a plea of former conviction of larceny. Wilde, J., in the opinion of the court says: "The defendant should have pleaded *autrefois convict* as to the larceny, and not guilty as to the residue of the charge."

The result is, that, both on principle and authority, the defendant's plea is not a bar to the indictment.

*Exceptions overruled.*
*Judgment for the state.*

APPLETON, C. J., WALTON, PETERS and SYMONDS, JJ., concurred.