If the word "issue" is restricted to the children of Lydia, then the child of Lydia was a devisee or legatee under the will, contingent upon the death of Lydia, and such child having survived Lydia and deceased prior to the testator, and being a relative of the testator—leaving issue who survived the testator, such issue, Florence Bradford, minor defendant, takes by substitution under section 5971.

T. L. Magruder, for plaintiff.

Little & Spencer, for Florence Bradford.

M J. Hartley and Alexander & Whitner, for Barbara E. Walton et al.

(Affirmed by the Circuit Court, October Term, 1895.)

---

(Cuyahoga County Court of Common Pleas.)

STATE OF OHIO v. COLLIN ROSS.

---

*Criminal law--Former conviction of assault and battery--Subsequent death.*-- A conviction of assault and battery is not a bar to a subsequent indictment for manslaughter where the injuries resulted in death after the former conviction.

(Decided Sept. 16, 1895.)

---

The opinion states the case.

DELLENBAUGH, J.

In the case at bar, the defendant, Collin Ross, was indicted at the September Term of this court, in 1894, for manslaughter. The indictment alleges in substance, that on the 14th day of July, 1894, said defendant "did unlawfully kill one Bertha Rosenberg."

To the indictment defendant pleads in bar a former conviction of assault and battery upon said Bertha Rosenberg, on said 14th day of July, before the Police Court of the city of Cleveland, at the July Term thereof.

The facts relied upon by defendant are fully set forth in his said plea in bar, of which the following is a copy:

"The said Collin Ross in his own proper person comes into court here, and having heard the said indictment read says that the said state of Ohio ought not further to prosecute the said indictment against him, the said Collin Ross, because he says that heretofore, to-wit: at a term of the Police Court of the city of Cleveland, within and for Cuyahoga County in the state of Ohio, holden at Cleveland, at the July term of said court in the year of our Lord one thousand eight hundred and ninety-four, by information duly filed by the prosecuting attorney of said court, it was charged that on or about the 14th day of July, A. D. 1894, in the city of Cleveland, at the county of Cuyahoga aforesaid, one Collin Ross in and upon the body of Bertha Rosenberg then and there being, an unlawful assault did make, and her, the said Bertha Rosenberg, then and there unlawfully did strike, beat, wound and ill-treat, and other wrongs to the said Bertha Rosenberg then and there did, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio; to which information so filed as aforesaid, the said Collin Ross entered a plea of not guilty; whereupon a trial was had by said police court, which said court then and there had full and final jurisdiction of said offense, and thereupon said court found and adjudged said Collin Ross to be guilty as charged, and sentenced the said Collin Ross to pay a fine of twenty-five dollars and the costs of said prosecution; and afterwards, to-wit; on or about the 20th day of August, 1894, said Bertha Rosenberg died of her injuries, but after she had testified in said police court against said Collin Ross, and after said Collin Ross had been convicted and punished as aforesaid.

"And this defendant, the said Collin Ross, says, that he, the said Collin Ross, and the said Collin Ross so charged by said information in the police court of the city of Cleveland and convicted as aforesaid, are one and the same person, and that the said assault and battery set forth and charged in the above named information against him last aforesaid is the same act as is charged in the indictment above named for manslaughter.

"And of this the said Collin Ross is ready to verify, and prays that by the court here he may be dismissed and discharged from the premises, in the present indictment specified."

Defendant's plea in bar is met by the prosecuting attorney with a demurrer, upon the ground that the facts therein stated do not constitute a defense to the crime charged in the indictment.

Clearly, the real question presented in considering the demurrer, is whether the conviction of the defendant in the police court, of assault and battery, for the same battery of which said Bertha Rosenberg died on the 20th day of August, 1894, is a bar to the indictment in this case.

Now, what is the effect of a plea of former conviction? Let us see.

This plea, like that of former acquittal, is founded upon that hoary-headed and great principle of criminal law, found in the constitution of this state, in these words: "Nor shall any person be twice put in jeopardy for the same offense." (Art. 1, sec. 10.)

This provision of our constitution clearly means that no person can be tried more than once for the same offense. But in order to be a bar to the indictment in this case, the former conviction relied upon by the defendant must have been for the same identical act and crime, both in law and in fact.

In Mitchell v. State, 42 Ohio St., 383, the Supreme Court of Ohio says: "In this state, neither the common law in relation to crimes, nor the common law distinction between felonies and misdemeanors, nor the doctrine of merger in criminal cases, has at any time existed; the accused may be found guilty of the principal offense charged in the indictment, or acquitted thereof, and found guilty of any offense in terms or by necessary implication charged in the indictment; the constitutional inhibition against a second trial for the same offense, embraces all criminal prosecutions; and the rule is, that the accused is once in jeopardy when the plea of not guilty is interposed to a valid indictment, and the jury is sworn."

In Price v. State, 19 Ohio, 423, followed and approved in Mitchell v. State, the court says: "If it appear that in fact the same identical act has been charged successively in two valid indictments, upon one of which the accused has been in jeopardy by a trial, and that the evidence necessary to support the second indictment would have been sufficient to prove a legal conviction upon the first, the plea of former jeopardy to the last indictment will be sustained, and, ordinarily, otherwise not."

Now it was urged with much vigor by defendant's counsel during the course of the hearing on the demurrer, that a prosecution and conviction in good faith, upon an information in the police court, for assault and battery, prior to the death of Bertha Rosenberg, under the decisions of the Supreme Court of this state results in the acquittal of the defendant of all grades of offense higher than assault and battery, and thereby operates as a bar to a prosecution for manslaughter after the death of said Bertha, although the death resulted from precisely the same transaction.

This argument is not only clever, but very plausible, and when first presented in the able argument of defendant's counsel, seemed to be unanswerable. The cases relied upon by defendant are Price v. State, 19 Ohio, 423, which was subsequently followed and approved in Mitchell v.

State, 42 Ohio tS. 383.   Let us now see whether the doctrine announced in either Price or Mitchell v. State supports the position so ably taken by defendant's counsel in the case at bar.

After a careful examination of the two Ohio cases referred to, and an equally careful consideration of the argument presented in support of the plea in bar, we think that a complete answer is:

First.   That, even beyond the shadow of lingering doubt, there never can be such a thing as the crime of murder in any degree until the death of the person assaulted.

Second.   That neither in law or fact, could the crime charged in the indictment, i. e., manslaughter, have any existence until the person assaulted dies.

Therefore, it cannot be said that defendant is now under indictment for the same identical crime when he was tried and convicted for assault and battery during the life-time of Bertha Rosenberg, and subsequently, but after her death, indicted for manslaughter.

Is the doctrine announced in Mitchell v. State, upon which defendant rests his case, opposed to the views of the court?   Let us see.   In order to answer this question, we must look to the facts presented upon which our SupremeCourt predicated its decision.

In Mitchell v. State, an indictment was returned against Mitchell alleging, amongst other things, that he did shoot one George Eigensee, with intent to kill him; subsequently defendant was placed on trial before a jury, and evidence offered to prove such shooting, but the uncontradicted testimony was that although the pistol was fired so closely to the person of said Eigensee, that the powder scorched his clothing, yet neither of the leaden balls fired touched him.   After all the evidence had been offered, and while defendant's attorney was making his argument to the jury, the court, "sua sponte," took the case from the jury against defendant's objection, without prejudice to the prosecution, because a mistake had beeen made in charging the proper offense in the indictment. At the next term, a new indictment was found against Mitchell in precisely the same form, except the word "at" follows the word "shoot," so the new indictment charged that Mitchell did shoot at George Eigensee, instead of charging that he did shoot him.

Mitchell thereupon pleaded in bar the former indictment and the proceedings thereunder.

The State demurred to the plea, which was sustained by the court of common pleas.

After entering a general plea of not guilty, Mitchell was tried and convicted, on the same identical evidence offered on the first trial.

Thereupon, a petition in error was filed in the Supreme Court, in which the only question considered was the sufficiency of the plea in bar.

Upon the facts stated, the Supreme Court, of course, held, that if the same identical act has been charged successively in two valid indictments upon one of which the accused has been in jeopardy by a trial, and the evidence necessary to support the second indictment would have been sufficient to support a legal conviction upon the first, the plea of former jeopardy to the last indictment will be sustained.   Clearly, the doctrine declared under the facts presented in Mitchell v. State, has no application whatever in the case at bar, upon the facts disclosed and relied upon in defendant's plea of former jeopardy.

Now, let us see whether the court is sustained in its position already taken, or not, by both English and American cases, fairly and squarely presenting the real question now under consideration.

As to the identity of the offense, Mr. Chitty says:   "If the crimes

charged in the former and present prosecution are so distinct that evidence of the one will not support the other, it is inconsistent with reason, as it is repugnant to the rules of law, that the offenses are so far the same that an acquittal of the one will be a bar to the prosecution of the other." 1 Chitt. Crim. Law.

In State v. Littlefield (70 Me. 452, also reported in 35 Am. Reps. 335,) the Supreme Court of Maine says: "A former conviction of assault and battery is no bar to an indictment for manslaughter, where the injuries resulted in the death after the former conviction." Amongst other things in his opinion, in State v. Littlefield, Judge Libbey said:

"The general rule by which it is to be determined whether an acquittal or conviction on one indictment is good bar to another is stated by many authorities in substance as follows: "If the first indictment was such as a prisoner might have been convicted upon by proof of the facts contained in the second indictment, an acquittal or conviction on the first indictment will be a bar to the second.

"This general rule is, however, subject to this exception: When, after the first prosecution, a new fact supervenes, for which the defendant is responsible, which charges the character of the offense, and, together with the facts existing at the time, constitute a new and distinct crime, an acquittal or conviction of the first offense is not a bar to an indictment for the other distinct crime.

"At the time of the first prosecution and conviction, the defendant had not committed the crime with which he is now charged. True, the force had been inflicted upon the body of Morton, but his death had not ensued. The force was acting to produce its effect, and the defendant was as much responsible for its natural and necessary result as if he had all the while been pressing it upon the body of his victim. When death was caused by that force, a new and distinct crime was consummated by the defendant, of which he was not before guilty, and for which he could not have been convicted at the time of the first prosecution. The offenses are not the same in fact, and therefore are not identical.

"It is claimed in behalf of the defendant, that as by the statutes of this state, the crime of assault and battery is now a felony, he may, under this indictment, be again convicted of that crime, and thus be twice punished for the same offense. If the homicide was caused by the injuries inflicted, which is not denied by the plea in bar, but admitted by the plea of guilty, which is a part of the case, the defendant cannot properly be convicted upon this indictment of assault and battery, because it must be either murder, manslaughter or justifiable homicide. A conviction of assault and battery would be authorized only on failure of proof that death resulted from the injuries inflicted.

"But it frequently happens that a man is, in a certain sense, twice punished for the same acts; as when the facts constituting the first offense, taken in connection with other facts for which he is responsible, constitute a distinct and different offense. In such case, although he has been convicted of the first offense, he may be convicted of the second, notwithstanding that to convict of the second, it is necessary to prove the facts embraced in the first. The rule upon this point is very clearly and fully stated by Walton, J., in State v. Inness, 53 Me. 536.

"In Stewart's case (5 Irvine 310-314), Lord Ardmillan said: 'There never can be the crime of murder till the party assaulted dies; the crime has no existence in fact or law till the death of the party assaulted. Therefore, it cannot be said that one is tried for the same crime when he is tried for assault during the life, and tried for murder after the

death, of the injured party. That new element of the injured person's death is not merely a supervening aggravation, but creates a new crime.'

"In Commonwealth v. Roby (12 Pick. 496), the defendant was indicted for the murder of Maria Leonard. The indictment alleged that the prisoner gave the deceased a wound on the second day of May, 1831, and that she died in consequence of it on the 17th day of July following.

"Roby thereupon pleaded a special plea in bar, in which he alleged amongst other things that prior to the death of said Maria Leonard he was tried and convicted in the Municipal Court of the city of Boston for making a felonious assault upon said Maria with intent to kill and murder her. Chief Justice Shaw delivering the opinion of the court, held: 'As the death occurred after that conviction, the offense now prosecuted was not then complete; and was not capable of judicial determination. The two offenses are not identical in law.'"

Judge Shaw's decision was subsequently approved by Judge Wells, who quotes it in Commonwealth v. Evans, 101 Mass. 26.

"If within a year and a day after a battery, the injured person dies, the offense becomes homicide. Then, though there should have been an intermediate conviction for assault and battery, there may be a prosecution for the homicide; not, it appears, because the battery is the less offense, but because the blow which had not produced death is, when viewed in the light of its results, a thing different from the blow which had produced death." Bishop's Crim. Law, 8th Ed. vol. 1, sec. 1059, and cases cited.

Where there has been a conviction for assault and battery, and the person assaulted subsequently dies of injuries caused by the act constituting the assault, a plea of "auterfois convict," i. e., that he has formerly been convicted of the same identical crime, is not a good answer by the person so convicted to an indictment for the manslaughter of the person assaulted. The death of the deceased person is one of the facts constituting the cause for a prosecution for manslaughter. Reg. v. Friel, 17 Cox Crim. Case. 325. ·

In Johnson v. State, (19 Tex. Ct. of App. 453, also reported in 53 Am. Reps. 385), the defendant was indicted for an assault with intent to murder one John Davis, and under said indictment was, on the 16th day of October, 1884, convicted of an aggravated assault and battery, and fined $25.00, which fine he paid. On November 12th, 1884, Davis died from the effects of said assault and battery, and thereafter defendant was indicted for the murder of said Davis for the same act constituting said assault, and convicted of manslaughter. Defendant pleaded in bar of this prosecution his former conviction of an aggravated assault and battery, and the evidence adduced fully sustained this plea, and showed that said assault was the same transaction charged in the present indictment, except that at the time of said former conviction the death of Davis had not occurred. Defendant's plea was submitted to the jury, and they overruled it. The court held: "A conviction for assault is not a bar to a subsequent indictment for murder when the victim subsequently dies from the effects of the assault."

In Johnson v. State, supra, Judge Wilson in his opinion says: "There never can be the crime of murder or manslaughter until the party assaulted dies; these crimes have no existence in fact or law till such death. It cannot therefore be said that one is tried for the same crime when he is tried for assault during the life and tried for murder or manslaughter after the death of the injured party. The death of the assaulted party creates a new crime. At the time the defendant was convicted of the assault and battery upon Davis, the court in which such conviction was had

did not have jurisdiction of the offense here prosecuted, because said offense had not then been completed, and could not then have been prosecuted. Hence there is no conflict between the rule announced above and our statute, and the decisions under that statute. Code of Crim. Pro. 553. It is true that the greater offense always includes the lesser. And it is also true that where an offense consists of different degrees, and the defendant upon indictment or information is convicted or acquitted of any grade of such offense, such conviction or acquittal is a bar to any further prosecution of the offense.

"But these rules do not apply where the higher grade of the offense has not been completed at the time of the conviction or acquittal of the lesser grade included within it, because such higher grade did not then exist. We think the court correctly instructed the jury upon this subject, and the jury correctly found against the special plea of former conviction."

In an article entitled "Former Jeopardy, Conviction and Acquittal," published in the Central Law Journal in 1891, Mr. Blackburn, the writer thereof, says: "A conviction for an aggravated assault and battery under an indictment for an assault with intent to murder, will not bar a prosecution for murder, after the death of the assaulted party, although the death result from the same transaction." 32 Cent. L. J. 427. Mr. Wharton says: "Where, after a conviction of assault, the assaulted person dies, the conviction of assault is no bar to a conviction for murder. The reason is that as at the time of the conviction of assault, there could be no conviction of the murder, the prosecution for the murder is not barred by the conviction of the assault." Wart. Crim. Pl. Prac., sec. 476; Rex v. VanDercomb, 2 Leach. C. C., 708; Commonwealth v. Roby, 12 Pick. (Mass.) 496; Burns v. People, 1 Park., 183; State v. Hattanbough, 66 Ind. 223; Commonwealth v. Evans, 101 Mass. 25.

In Koch v. State, 34 Weekly Law Bulletin 236, also to be reported in 52 Ohio St., the Supreme Court of Ohio, held: "A trial, conviction and sentence under an ordinance of a city by the mayor of the city, is not a good plea in bar to an information filed under a state statute involving the same transaction."

It is therefore, the plain duty of the court to sustain the demurrer of the state to defendant's plea in bar, because it shows on its face that the offense for which defendant was formerly tried and convicted, is separate and distinct from that for which he stands indicted, and furthermore, charging an offense which had no existence, either in law or in fact, until after the death of the party assaulted, as well as after said conviction.

The demurrer is, therefore, sustained.

Judgment accordingly.

Hon. W. B. Neff and Theodore L. Strimple, prosecuting attorneys, for state.

O. W. Broadwell, for defendant.