ROBERT HENRY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A verdict of a jury on a capital case as follows: "We, the jury, find the defendant guilty of murder in the first degree, recommended to the mercy of the court by one," and signed by a member of the jury as foreman, is a unanimous finding of murder in the first degree, with a recommendation of mercy by only one of the jury, and is not qualified under section 2924, Rev. Stat., as being a verdict with a recommendation of mercy by a majority of the jury.
2. The evidence in this case held to be sufficient to sustain the verdict of murder in the first degree.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*Thos. A. Ledwith*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

MABRY, J.:

The plaintiff in error was convicted of murder in the first degree, and sued out writ of error from the sentence of the law to have the case reviewed in this court.

There are no assignments of error as to the admission or rejection of evidence, or as to the giving or re-

fusing to give instructions to the jury, and the only questions raised relate to the sufficiency of the verdict rendered by the jury and accepted by the court, and the sufficiency of the evidence to sustain the verdict. The following verdict was rendered and accepted by the court, *viz:* "We, the jury, find the defendant guilty of murder in the first degree, recommended to the mercy of the court by one. C. C. Hanford, foreman." A ground of the motion for a new trial was that the verdict was not in form of law, and did not legally evidence the intention of the jury in the case. Section 2923 of the Revised Statutes provides that "in all criminal trials the jury, in addition to a verdict of guilty of any offense, may recommend the accused to the mercy of the court or to executive clemency, and such recommendation shall be entered of record, or filed if in writing, but shall not qualify the verdict except in capital cases. In all cases the court shall award the sentence and shall fix the punishment or penalty prescribed by law." Section 2924 reads as follows: "Whoever is convicted of a capital offense and recommended to the mercy of the court by a majority of the jury in their verdict shall be sentenced to imprisonment in the State prison for life, with or without solitary confinement, at the discretion of the court." So far as shown by the transcript of the proceedings in the trial court, and which must alone guide us here, the sufficiency of the verdict must depend upon its terms as expressing the intention of the jury in their finding. The Circuit Judge evidently construed the verdict to be a unanimous finding of murder in the first degree, with a recommendation of mercy by one of the jury, and this we think is its true meaning. Under the second section of the statute quoted

the added recommendation of mercy of less than a majority of the jury will not qualify a verdict of conviction in capital cases, or change the penalty of the law attaching to such conviction. There was no error, in our judgment, in the action of the trial court in accepting the verdict as one of murder in the first degree without any qualification. We have carefully examined the evidence certified to us, and according to the established rule in this court the verdict should not be set aside as being contrary to the evidence.

The judgment will be affirmed.