T. Southworth, *Plaintiff in Error,* v. State of Florida, *Defendant in Error.*

En Banc.

Opinion filed December 30, 1929.

Petition for rehearing denied February 11, 1930.

*J. W. Salisbury* and *W. H. Mizell,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

MATHEWS, Commissioner:

Plaintiff in error, hereinafter referred to as defendant, was convicted in the Circuit Court of Palm Beach County, Florida, on March 27th, 1929, of murder in the first degree, and sentenced to death by electrocution.

Five matters, upon which errors are assigned, are discussed in defendant's brief, namely: (1) Former jeopardy, (2) Insanity, (3) Instructions to jury, (4) Reception of verdict, and (5) Newly discovered evidence.

The indictment consists of two counts, both charging murder to have been committed with a premeditated design to effect the death of Horace M. Wells. The form of the indictment is as set out in Daniel v. State, 52 Fla. 18, 41 So. R. 609. One count charges use of leaden bullets and the other charges the use of metal bullets. Both counts charge the defendant with shooting Horace M. Wells on February 23rd, 1929, and thereby inflicting a mortal wound upon the body of said Wells and allege that said Wells did thereafter languish and languishing did die on March 1st, 1929, from said mortal wound. This form of indictment is sufficient to charge murder in the first degree, when committed in the perpetration of robbery. Section 7137, Comp. Gen. Laws; Rev. Gen. Stats., Section 5035; Sloan v. State, 70 Fla. 163, 69 So. R. 871; Pope v. State, 84 Fla. 428, 94 So. R. 865.

On March 14th, 1929, the defendant filed herein plea in *bar autre fois convict,* alleging that on February 23rd, 1929, in a residence in West Palm Beach, Palm Beach County, Florida, there was gathered and assembled together a party composed of Earl Weadock, T. J. Lynch, Horace M. Wells and four other persons, each being in company with each other and all together, and while so assembled and together, defendant entered said residence for purpose of and with the intent to hold up and rob said assembly of persons, and

did so hold up and rob said persons and each of them; that while engaged in said holdup and robbery, defendant became engaged in a brawl or fight with said Wells in which fight a gun was fired or discharged, wounding said Wells and from which wound said Wells died; that defendant was informed against for assaulting and robbing Earl Weadock, and on February 25th, 1929, plead guilty of such charge and was sentenced therefor and defendant was informed against for assaulting and robbing T. J. Lynch, and on February 25th, 1929, plead guilty of such charge and was sentenced therefor; that both said convictions are in force and effect, and the offenses charged in each information for which defendant stands convicted and the offense charged in the indictment grew out of and involve only one and the same transaction and constitute but one and the same offense. Certified copies of the transcripts of prior proceedings mentioned in the plea are thereto attached and made a part thereof.

The evidence, almost without contradiction, shows: on the 23rd day of February, 1929, at or about 8:30 o'clock in the evening, the defendant, T. Southworth, entered the residence of Vincent S. Hall by walking through the front door of said home, situated on East Lakewood road, in the City of West Palm Beach, Florida, there being assembled in said home a gathering of seven persons, to-wit: Earl Weadock and his wife, Mary Louise Weadock; T. J. Lynch and his wife, Mrs. T. J. Lynch; Horace M. Wells and his wife, Mrs. Horace M. Wells, and Mrs. Vincent S. Hall; and with a pistol or revolver, held up and robbed each and every of said persons, taking from them, money and jewelry, and while engaged in said robbery, shot Horace M. Wells, thereby inflicting a wound from which Horace M. Wells died on March 1st, 1929, said robbery and shooting taking place in the duration of five or ten minutes.

The plea of *autre fois convict* failed to negative that part of the indictment which charged Horace M. Wells died on a date subsequent to time defendant was placed in jeopardy, under information for robbery.

A demurrer interposed by the State which questioned the sufficiency of the plea of *autre fois convict*, was sustained by the court below, and the court's ruling on this demurrer is assigned as error.

Section 12 of the Bill of Rights is as follows: "No person shall be subject to be twice put in jeopardy for the same offense." Sec. 12, Bill of Rights, Const. of Florida.

To sustain plea of former conviction or former acquittal, it must be shown that the offense of which such former conviction or acquittal was had, was the same as the one charged in the indictment, to which such plea was interposed. Wallace v. State, 41 Fla. 547, 26 So. R. 713. And conviction of a lesser offense bars a subsequent prosecution for a greater offense in all those cases where the lesser offense is included in the greater. Sanford v. State, 75 Fla. 393, 78 So. R. 340.

At the time of the conviction for robbery, Wells was still living, and the crime of murder had not been committed. The force had been inflicted upon the body of Wells, but his death had not ensued. The force was acting to produce its effect, and the defendant was as much responsible for its natural and necessary result as if he had all the while been pressing it upon the body of his victim. When death was caused by that force, a new and distinct crime was consummated by the defendant, of which he was not before guilty, and for which he could not have been convicted at the time of the first prosecution. The offenses are not the same in fact, and are not identical. Com. v. Ramunno, 219 Pa. St. 204, 68 Atl. R. 184, 123 A. S. R. 653, 12 Ann. Cas. 818, 14 L. R. A. (N. S.) 209; State v. Littlefield, 70 Me. 452, 35 Am. R. 335; Diaz v. United States, 223 U. S. 442, 32

Sup. Ct. R. 250, 56 L. Ed. 500; Ann. Cas. 1913 C. 1138; Curtis v. State, 22 Tex. App. 227, 3 So. W. R. 86, 58 Am. R. 635.

When, after the first prosecution, a new fact supervenes, for which the defendant is responsible, which changes the character of the offense, and together with the facts existing at the time, constitute a new and distinct crime, a conviction of the first offense is not a bar to an indictment for the other distinct crime. State v. Littlefield, *supra*. 8 R. C. L. 148.

After ruling had on demurrer to plea *autre fois convict,* the defendant filed pleas of (1) Not guilty, (2) Not guilty by reason of insanity at the time of the commission of the offense, and (3) Not guilty by reason of insanity at time of trial.

Before proceeding with the trial the court struck the latter plea, declined to impanel a jury to inquire into defendant's present sanity, and ruled that no doubt existed in the mind of the court as to defendant's present sanity. The striking of this plea, and refusal to impanel a jury to inquire into defendant's present sanity were assigned as error.

A plea that defendant is insane when brought to trial is not necessary, as such issue may be determined without a formal plea to that effect. Johnson v. State, 57 Fla. 18, 49 So. R. 40.

The trial court, in the order in the case, denying a new trial, explained further its ruling as to sanity of defendant at the time of trial as follows: ''There was nothing before me to suggest the insanity of the defendant, except his plea, at the time of arraignment. I had observed the defendant in court, and questioned him as to whether or not he had counsel. From observations and inquiry, there was nothing in the slightest to indicate to me that he was insane, and I

knew of no reason why a further inquiry should then be made to ascertain whether or not the defendant was then insane.''

Where no doubt is created in the mind of the court as to the present sanity of the defendant, it is under no obligation to have the question determined by a jury. Webber v. Com., 119 Pa. St. 223; Wharton & Stiles on Mental Unsoundness, Sec. 1217; 10 A. & E. Enc. Pl. & Prac. 1220.

Defendant contends the evidence introduced at the trial on behalf of defendant tended to rebut the presumption of sanity on the part of the accused, and was not overcome by the State and that, therefore, it was the duty of the jury to acquit. An alienist, introduced by defendant, testified in answer to a hypothetical question that defendant's acts and condition indicated insanity at the time of commission of the crime, and one, introduced by the State, testified that defendant's acts and conduct indicated he was sane at the time of commission of the crime. The question of defendant's sanity and responsibility appears to have been fairly submitted to the jury, both on the evidence and in the charge of the court, and we are unable to discover any ground for disturbing the verdict. Williams v. State, 45 Fla. 128, 34 So. R. 279.

Defendant assigns as error the refusal of the court to charge the jury on the several degrees of homicide, other than murder in the first degree. The statute makes the unlawful killing of a human being, when committed in the perpetration of robbery, murder in the first degree. Comp. Gen. Laws, Sec. 7137; Rev, Gen. Stats., Sec. 5035. The verdict is amply supported by the evidence. A verdict for any degree of homicide other than murder in the first degree would not have been proper, under the evidence. It is not the duty of the court to charge the jury upon a degree of homicide to which the evidence could not

apply. Fails v. State, 60 Fla. 8, 53 So. R. 612; Gillyard v. State, 65 Fla. 322, 61 So. R. 641.

The jury in this case, after hearing the evidence and receiving the charge of the court, retired to the jury room and thereafter returned with the following verdict: "We, the jury, find the defendant guilty of murder in the first degree, so say we all. Jimmie Hunter, Foreman."

The jury was polled by the clerk and when asked if the verdict rendered was their verdict, eleven of the jurymen, answered "yes." One answered: "I put in, guilty with mercy, I don't know whether that goes or not."

Thereupon the court interrogated this one:

Q. Is this your verdict? And he answered: "I put in, guilty with mercy."

Q. Well, do you unanimously agree in the verdict with the others of guilty of murder in the first degree? He answered: "Well, yes, only with mercy, as to mercy, that is all."

At this point one juryman, who had previously answered "yes" on the poll by the clerk, answered: "In the same manner."

Thereupon, the court addressed the jury and said: "Well, then, I understand all twelve of you are unanimously agreed that this is your verdict; and that two of you recommend mercy; is that quite clear?"

Whereupon, the verdict was received.

Defendant now contends that the verdict rendered was not the verdict of two of the jurors, who sat in the case, and that the trial court erred in receiving this verdict.

The court below, in the order, refusing to grant a new trial, stated: "There was some doubt in my mind, when the first juror suggested the question of mercy, and for that reason I interrogated him further, and then I further

interrogated the entire panel as a whole, so that it would be quite clear as to the exact nature of the verdict.

"After propounding the questions, I was convinced that all twelve of the jurors had unanimously agreed on the verdict rendered, and that two of their number, in addition, voted for mercy. There was no request for a further poll and no objection to the reception of the verdict or its recording."

While the jury in rendering a verdict of guilty, in a capital case, may recommend the accused to the mercy of the court, such recommendation, however, when made is regarded as an addition to the verdict of guilty. Comp. Gen. Laws, Sec. 8400; Rev. Gen. Stats. of Fla., Sec. 6095. And the recommendation of mercy does not qualify the verdict, unless such recommendation be therein made by a majority of the jury, Comp. Gen. Laws of Fla., Sec. 8401; Rev. Gen. Stats. of Fla., 6096.

The verdict as rendered was a unanimous verdict of murder in the first degree. Henry v. State, 39 Fla. 233, 22 So. R. 652.

One of the grounds of the motion for a new trial, was based upon newly discovered evidence and was supported by the affidavits of two men, who claimed to have come in contact with defendant and observed his actions and conduct on the date of the murder.

Their testimony, as outlined in the affidavits, would merely be cumulative of that presented at the trial of this case, and is not such as ought to produce on another trial an opposite result on the merits. Herndon v. State, 73 Fla. 451, 74 So. R. 511.

The judgment of conviction accords with the verdict, which has ample support in the evidence adduced. No material or harmful errors appear in the record.

Affirmed.

PER CURIAM.—The record in this cause having been considered by the Court and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BUFORD, J. J., concur.

BROWN, J., dissents.

STRUM, J. (concurring) :

A person who by reason of insanity is unable to comprehend his position and to make his defense can not be placed on trial while in that condition.

When a suggestion of present insanity is made at the beginning of or during a trial, the method of disposing of that question, in the absence of statutory regulation, is in the discretion of the court. There being no statute in this State requiring that such question be tried by a jury, and a trial by jury upon that particular question not being a common law right, the court itself may determine the same without a jury. If upon an inspection of the prisoner and an examination of the fact alleged the judge has no doubt of the prisoner's present sanity, he is not obliged to submit the question to a jury. A question of present sanity at the time of the trial, however, is not to be confused with an issue of sanity at the time of the commission of the offense. Upon the latter issue the accused is entitled to a jury trial, because it involves the question of capacity to entertain a criminal intent, which is one of the ingredients of the crime. But even in that case the accused is not entitled as of right to a separate trial upon

the issue of insanity alone. That issue may be submitted with the issue of guilt or innocence upon the plea of not guilty. See Williams v. State, 45 Fla. 128, 34 So. R 279; Johnson v. State, 57 Fla. 18, 49 So. R. 40; 16 C. J. 99, 789, 1283. To a large extent the same principles apply to the question of present insanity at the time of trial as where after conviction insanity is interposed to secure a stay of execution. See *Ex parte* Chesser, 93 Fla. 590, 112 So. R. 87. The question of present insanity is wholly collateral to and has no bearing upon the question of guilt or innocence, and therefore no constitutional right to a jury trial exists.

In this case the trial judge adjudicated at the beginning of the trial and has certified ''that no doubt existed in the mind of the court as to the present sanity of the defendant,'' and the court declined to impanel a jury to inquire into the defendant's present sanity. In his order overruling motion in arrest of judgment and for a new trial, the trial judge again certifies: ''I had observed the defendant in court, and questioned him as to whether or not he had counsel. From observation and inquiry, there was nothing in the slightest to indicate to me that he was insane, and I know of no reason why a further inquiry should then be made to ascertain whether or not the defendant was then insane.''

The question of insanity at the time of the offense was fully submitted to the jury and the defendant had the benefit of a jury trial upon that issue. When the question of present insanity is raised at the time of trial, one of the recognized methods of disposing of that question is by an inspection and examination of the prisoner by the judge. Williams v. State, *supra*. If the judge, having satisfied himself upon that question, then declines to impanel a jury to determine the same such a course is not

error unless it appears that the trial judge abused his discretion. It does not so appear in this case.

The verdict returned in this case was: "Guilty of murder in the first degree." The jury was polled and upon specific interrogation by the court, the jurors agreed that they had found the defendant guilty of murder in the first degree. One, and possibly two, of the jurors apparently wished to recommend the defendant to mercy, and when polled indicated that they agreed to the verdict "only" with recommendation to mercy. With that recommendation, however, these jurors adhered to the verdict of guilty of murder in the first degree. It does not appear that the two jurors desired to withhold their concurrence in the verdict, nor to recede therefrom, unless the recommendation of mercy was effective to qualify the verdict and reduce the penalty to life imprisonment. It appears that these jurors agreed to the verdict, but in addition recommended mercy. The trial judge so certifies in the record, and my inspection of the record does not lead me to a contrary view.

Through the interrogation of these two jurors the trial judge was as much apprised of their recommendation as if it had been written in the face of the verdict.

In Henry v. State, 39 Fla. 233, 22 So. R. 652, the form of the verdict was: "We, the jury, find the defendant guilty of murder in the first degree, recommended to the mercy of the court by one." That verdict was assailed upon the ground that it was not in form of law, and did not legally evidence the intention of the jury. The verdict and consequent judgment were sustained. The verdict was held to constitute a unanimous finding of guilty in the first degree, with recommendation to mercy of only one of the jury. It was further held that the trial court was without error in accepting it as a verdict of murder in the first degree, without qualification. It seems to me the

situation here presented is the same as in the Henry case, *supra,* and that the decision therein controls this feature of the case at bar.

WHITFIELD, J., concurs.