MANN, Judge
(concurring in part and dissenting in part).
I concur in the view that Waller v. Florida, 1970, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, does not prevent the conviction of Culberson for manslaughter where the victim dies after Culberson’s conviction in municipal court of assault. I do think that the time served on the municipal offense should be credited against the manslaughter conviction, which arose out of the same occurrence. See Haddad and Mulock, “Double Jeopardy Problems in the Definition of the Same Offense: State Discretion to Invoke the Criminal Process Twice,” 22 U. Fla.L.Rev. 515 (1970). See also Southworth v. State, 1929, 98 Fla. 1184, 125 So. 345. This case points up the difficulties state prosecutors will have with double jeopardy questions unless some supervision of municipal prosecutions is undertaken. The question whether the assault was an offense included within the state charge is, under these facts, not presented. Cf. Brown v. State, 245 So.2d 68, Fla.1971, Opinion filed February 17, 1971.
Prosecution for a death which occurs after a municipal prosecution for assault is a justified exception whether the lesser offense is “included” or not. I adopt the reasoning of Haddad and Mulock, op. cit., supra, at 538-539.