401 So.2d 1335 (1981)
STATE of Florida, Petitioner,
v.
Benjamin Frank KIRKLAND, Respondent.
No. 59461.
Supreme Court of Florida.
July 30, 1981.
*1336 Jim Smith, Atty. Gen., Tallahassee, Janet Reno, State Atty. and Ira N. Loewy, Asst. State Atty., Miami, for petitioner.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, Miami, for respondent.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, Third District, in State v. Kirkland, 384 So.2d 1328 (Fla. 3d DCA 1980), which conflicts with Southworth v. State, 98 Fla. 1184, 125 So. 345 (1929). The question is whether the trial court erred in dismissing the first-degree murder indictment against Kirkland on the ground that double jeopardy barred the state from prosecuting him on this charge after he had already pled nolo contendere to a juvenile petition for delinquency based upon the lesser included offense of strong-armed robbery, where at the time he entered this plea, the offense of murder was not completed due to the fact that the victim had not yet died? The district court answered this question in the negative and affirmed the trial court's dismissal of the indictment. We disagree and hold that Kirkland was not placed in jeopardy for the crime of first-degree murder. We therefore quash the district court's decision.
On May 11, 1979, Kirkland committed a strong-armed robbery of an eighty-eight-year-old man who sustained a heart attack as a result of the robbery. The victim, in critical condition, was admitted to the hospital where he remained for two months until his death. Kirkland was arrested for the robbery on May 25, 1979, and the state attorney, on May 31, 1979, filed a petition for delinquency charging strong-armed robbery and a motion for order waiving jurisdiction to the adult criminal division of the circuit court. The State withdrew its motion to waive jurisdiction on July 5, 1979, and Kirkland then entered a plea of nolo contendere to the petition for delinquency. Sentencing was set for July 19, 1979. On July 19, 1979, Kirkland was committed to the Department of Health and Rehabilitative Services.
The victim of the robbery died eleven days after Kirkland's plea had been accepted by the court. The matter was then presented to the Dade County grand jury on August 1, 1979, and the grand jury returned an indictment charging first-degree murder. The State concedes that the sole basis for this first-degree murder charge is the theory of felony murder.
Kirkland moved to dismiss the indictment on the ground that the double jeopardy clause of the fifth amendment to the constitution of the United States barred his prosecution for felony murder. The trial court dismissed the indictment on this basis, and the district court affirmed.
Initially, we point out that this case does not implicate our holding in State v. Pinder, 375 So.2d 836 (Fla. 1979), wherein we held that a defendant could not be convicted and punished for both first-degree felony murder and the underlying felony where the evidence to sustain the murder conviction is furnished solely by proof that the killing *1337 occurred as a result of the commission of the underlying felony. Pinder did not address the question presented in this case where the victim is alive at the time the defendant pleads nolo to the felony. Although the trial court and the district court relied on Pinder, Kirkland does not contend that this case is controlled by Pinder.
Kirkland, also, does not contest the continued viability of our holding in Southworth v. State but rather objects to applying this holding to the present case on the basis that the facts before us are distinguishable. In Southworth, the victim of a felony murder was still living at the time the defendant was convicted of the felony which later resulted in the victim's death, and, thus, at the time of the robbery conviction, the murder had not been committed. We held that the conviction of the robbery was not a bar to an indictment for the crime of murder and explained:
At the time of the conviction for robbery, Wells was still living, and the crime of murder had not been committed. The force had been inflicted upon the body of Wells, but his death had not ensued. The force was acting to produce its effect, and the defendant was as much responsible for its natural and necessary result as if he had all the while been pressing it upon the body of his victim. When death was caused by that force, a new and distinct crime was consummated by the defendant, of which he was not before guilty, and for which he could not have been convicted at the time of the first prosecution. The offenses are not the same in fact, and are not identical. [Cases omitted.]
When, after the first prosecution, a new fact supervenes, for which the defendant is responsible, which changes the character of the offense, and, together with the facts existing at the time, constitutes a new and distinct crime, a conviction of the first offense is not a bar to an indictment for the other distinct crime. State v. Littlefield [70 Me. 452] supra; 8 R.C.L. 148.
125 So. at 347.
Our ruling in Southworth, as Kirkland concedes, is in harmony with federal authority. In Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912), the victim of an assault and battery died after defendant had been found guilty of the assault and battery. He was then charged and convicted of the crime of homicide. The Supreme Court of the United States rejected his claim of double jeopardy and said:
The homicide charged against the accused in the Court of First Instance and the assault and battery for which he was tried before the justice of the peace, although identical in some of their elements, were distinct offenses both in law and in fact. The death of the injured person was the principal element of the homicide, but was no part of the assault and battery. At the time of the trial for the latter the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for that offense.
223 U.S. at 448-49, 32 S.Ct. at 251. In Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the Supreme Court held that the fifth amendment forbids prosecution and cumulative punishment for a greater and lesser included offense but acknowledged that the rule announced in Diaz was a viable exception to this rule. It stated:
An exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence. See Diaz v. United States, 223 U.S. 442, 448-449 [32 S.Ct. 250, 251, 56 L.Ed. 500] (1912); Ashe v. Swenson, supra [397 U.S.] at 453 n. 7 [90 S.Ct. 1189, at 1199, 25 L.Ed.2d 469] (Brennan, J., concurring).
432 U.S. at 169 n. 7, 97 S.Ct. at 2227.
In Jeffers v. United States, 432 U.S. 137, 151-52, 97 S.Ct. 2207, 2216, 53 L.Ed.2d 168 (1977), the Supreme Court stated:

*1338 The rule established in Brown, however, does have some exceptions. One commonly recognized exception is when all the events necessary to the greater crime have not taken place at the time the prosecution for the lesser is begun. See Brown v. Ohio, post [432 U.S.] at 169 n. 7 [97 S.Ct. at 2226]; Blackledge v. Perry, 417 U.S. 21, 28-29, and n. 7 [94 S.Ct. 2098, 2102-2103, 40 L.Ed.2d 628] (1974); Diaz v. United States, 223 U.S. 442 [32 S.Ct. 250, 56 L.Ed. 500] (1912). See also Ashe v. Swenson, 397 U.S. 436, 453 n. 7 [90 S.Ct. 1189, 1199, 25 L.Ed.2d 469] (1970) (Brennan, J., concurring). This exception may also apply when the facts necessary to the greater were not discovered despite the exercise of due diligence before the first trial. Ibid.

See also Illinois v. Vitale, 447 U.S. 410, 420 n. 8, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980).
Kirkland contends, however, that the fact that he was allowed to plead to the robbery charge at a time when the robbery victim lay in the hospital in critical condition and was not expected to live takes this case out of the scope of Southworth and presents a case of prosecutorial manipulation. We disagree with this contention. Neither the trial court nor the district court found prosecutorial manipulation, and the record before us does not demonstrate prosecutorial manipulation.
We hold that the rule announced in Southworth applies to the present facts and that, therefore, the State is not barred by the double jeopardy clause from prosecuting Kirkland for first-degree murder.
Accordingly, the decision of the district court is quashed, and this cause is remanded for further proceedings.
It is so ordered.
SUNDBERG, C.J. and BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ADKINS, J., dissents.