828 So.2d 449 (2002)
T.T., Petitioner,
v.
Enoc ESTEVES, Superintendent of the Broward Regional Juvenile Detention Center, Respondent.
No. 4D02-3688.
District Court of Appeal of Florida, Fourth District.
October 16, 2002.
*450 Alan H. Schreiber, Public Defender, and Donald J. Cannarozzi, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
Petitioner, a juvenile, seeks a writ of habeas corpus on the ground that he is being illegally held in secure detention for more than twenty-one days, contrary to the applicable statute. Although his petition has become moot, we address the issue because it is capable of repetition. Kight v. Dugger, 574 So.2d 1066, 1068 (Fla. 1990)(where otherwise moot issue is capable of repetition, it "should" be addressed on appeal).
Under section 985.215(5)(c), Florida Statutes (2001), it is provided:
Except as provided in paragraph (g), a child may not be held in secure, nonsecure, or home detention care under a special detention order for more than 21 days unless an adjudicatory hearing for the case has been commenced in good faith by the court.
Section 985.215(5)(g), Florida Statutes (2001), provides:
Upon good cause being shown that the nature of the charge requires additional time for the prosecution or defense of the case, the court may extend the time limits for detention specified in paragraph (c) an additional 9 days if the child is charged with an offense that would be, if committed by an adult, a capital felony, a life felony, a felony of the first degree, or a felony of the second degree involving violence against any individual
In this case the trial court extended petitioner's detention for an additional nine days under section 985.215(5)(g) based on the state's assertion that it intended to file charges against petitioner in adult court. The crimes charged are encompassed by section 985.215(5)(g), but petitioner contends that the state did not establish good cause, i.e., "that the nature of the charge requires additional time for prosecution or defense of the case." Id.
In B.G. v. Fryer, 570 So.2d 430 (Fla. 4th DCA 1990), one of the petitioners was *451 being held for more than twenty-one days on various grounds, one of which was that the state was considering prosecuting him as an adult. We concluded that this was not a sufficient ground and agreed with E.W. v. Brown, 559 So.2d 712 (Fla. 1st DCA 1990), in which the first district suggested that examples of good cause (which was not defined then) would be where witnesses are unavailable or an investigation is incomplete. Merely notifying the court that the state intends to file adult charges, without an explanation as to why this requires additional time, is not good cause as defined by the statute. The petition is dismissed as moot.
STONE and MAY, JJ., concur.