PER CURIAM.
A juvenile petitions this court for a writ of habeas corpus, seeking relief from a detention order entered on November 19, 2004. He claims the court improperly extended his detention period beyond the 30 days permitted by statute. We disagree and deny the petition.
The alleged incident involved the robbery of a pizza deliveryman and a subsequent police chase of the vehicle in which the defendant was a passenger. During the police chase, a pedestrian was struck and injured. The juvenile was arrested for strong armed robbery and obstruction without violence on November 8, 2004. At the original detention hearing, the court detained the juvenile in secure detention for 21 days, pursuant to section 985.215, Florida Statutes (2004).
Subsequently, the pedestrian struck during the police chase died. The State then charged the juvenile with felony murder. At the detention hearing on the new charge, the State requested secure detention for 30 days, pursuant to section 985.215(5)(g), Florida Statutes (2004). That section permits the trial court to extend the normal 21-day detention period by nine days for good cause. The State needed the extended time frame to present the case to the grand jury. It requested the court to begin the thirty-day detention period from the date of the new detention hearing.
The State advised the court that the new charge was based upon the victim’s death, which occurred after the petitioner’s arrest for the original charges. Thus, while stemming from the initial incident, the felony murder charge had not ripened at the time of the original detention hearing. See State v. Kirkland, 401 So.2d 1335 (Fla. 1981). The defense had no response to the State’s reliance on Kirkland at the detention hearing. The court considered the felony murder charge a new law violation, found probable cause, and detained the juvenile for 30 days from the date of the new detention hearing.
When a juvenile is arrested and detained, the court must hold a detention hearing within twenty-four hours. See § 985.215(2)©, Fla. Stat. (2004). The detention hearing serves two purposes: (1) a determination of probable cause; and (2) the need for, and level of, detention. Generally, a child may not be detained longer than 21 days. See § 985.215(5)(c), Fla. Stat. (2004). However,
[ujpon good cause being shown that the nature of the charge requires additional time for the prosecution or defense of the case, the court may extend the time limits for detention specified in paragraph (c) an additional 9 days if the child is charged with an offense that would be, if committed by an adult, a capital felony, a life felony, a felony of the first degree, or a felony of the second degree involving violence against any individual.
§ 985.215(5)(g), Fla. Stat. (2004). In this case, the detention hearing held on November 19, 2004, was the original detention hearing on the newly-ripened felony murder charge. As the Supreme Court of *1192 Florida held in Kirkland, when “a new fact supervenes, for which the defendant is responsible, which changes the character of the offense,” a new and distinct crime results. Kirkland, 401 So.2d at 1337 (quoting Southworth v. State, 98 Fla. 1184, 125 So. 345, 347 (1929)). The new crime of felony murder qualifies for the nine-day extension provided in section 985.215(5)(g). We therefore find no error in the court’s order detaining the child for thirty days from the date of the detention hearing.
In so doing, we find T.T. v. Esteves, 828 So.2d 449 (Fla. 4th DCA 2002), distinguishable. There, we held that “merely notifying the court that the [S]tate intends to file adult charges, without an explanation as to why this requires additional time, is not good cause as defined by the statute.” Id. at 451. In the present case, the State could not have filed the felony murder charge until the victim’s death, which occurred after the juvenile was arrested on the original charges. When the State charged the juvenile with felony murder, it was required to hold a new detention hearing. The State advised the court that it intended to present the newly ripened felony murder charge to the grand jury. Under the circumstances, we hold the trial court was authorized to detain the juvenile for 21 days and further properly granted the State’s request to extend the detention period for an additional nine days, pursuant to section 985.215(5)(g), Florida Statutes (2004). We therefore deny the petition.
STEVENSON, HAZOURI and MAY, JJ., concur.