Winford Ray DURANT, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26935.

Missouri Court of Appeals,
Kansas City District.

March 31, 1975.

Motion for Rehearing and/or Transfer
Denied May 6, 1975.

Application to Transfer Denied
July 14, 1975.

Willard B. Bunch, Public Defender, James W. Fletcher, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Donald R. Bird, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from denial of motion under Rule 27.26, V.A.M.R., to vacate and set aside judgment and sentence to twenty-five years' imprisonment entered upon plea of guilty to a charge of murder, second degree.

On November 15, 1967, at about 8 p. m., Winford Ray Durant, age 14, and five other youths were assembled near Westport High School in Kansas City, Missouri. Mrs. Kinderman, a teacher at Westport, came out the front door of the school. Durant snatched her purse and ran. Primitivo Garcia came to the aid of Mrs. Kinderman, whereupon Durant obtained a pistol from one of his companions and went after Garcia. Garcia ran, Durant shot at him twice attempting to wound him in the leg, and then fired a third shot which struck and wounded Garcia in the left side.

On November 21, 1967, the Juvenile Officer of Jackson County, Missouri, filed a petition in juvenile court pursuant to Section 211.091, RSMo 1959, V.A.M.S., alleging that Winford Ray Durant, age 14, was in need of care and treatment by the juvenile court in that on November 15, 1967, he did feloniously, wilfully, on purpose and with malice aforethought make an assault with a revolver on Primitivo Garcia and wound him in the side.

On November 22, 1967, the petition was sustained by reason of proof of the allegations there asserted, and Winford Ray Durant was committed to the temporary custody of the Missouri State Board of Training Schools for an indeterminate period of time. He was delivered forthwith to the custody of the training school at Boonville, Missouri.

On November 28, 1967, Primitivo Garcia died as a result of the gunshot wound inflicted on him on November 15, 1967, by Winford Ray Durant.

On December 8, 1967, the Juvenile Court of Jackson County directed the training school to deliver the temporary custody of Winford Ray Durant to the temporary custody of the juvenile court for proceedings arising from the death of Primitivo Garcia.

On December 11, 1967, after Garcia's return to the juvenile court, a new petition in the interest of Durant came on for hearing and the juvenile court, pursuant to Section 211.071, RSMo 1959, V.A.M.S., dismissed the petition to permit prosecution of Durant under the general law.

On December 12, 1967, Winford Ray Durant was indicted for the murder, first degree, of Primitivo Garcia.

On February 5, 1968, Winford Ray Durant pleaded guilty to a charge of murder, second degree, reduced from the charge of murder, first degree, of Primitivo Garcia. The court made a record pursuant to Rule 25.04, V.A.M.R., determining that the guilty plea was voluntarily and knowingly entered, and, on May 13, 1968, following

presentence investigation, rendered the judgment and sentence in question.

The motion in question was filed November 27, 1972, and it alleged, as grounds for relief: I. The plea of guilty was neither voluntarily nor intelligently entered; II. Movant was denied effective assistance of counsel; III. Discrimination and personal prejudice were permitted which denied movant equal protection of the laws.

The motion was amended March 22, 1973, to allege as grounds for relief: 1. Movant was denied effective assistance of counsel in that his attorney failed to prosecute an appeal from denial of a prior motion under Rule 27.26, denied July 9, 1969; 2. Error in allowing amendment of the charge; 3. Denial of due process in that (a) on November 22, 1967, movant was found to be under age 17 and in need of care and treatment under supervision of the juvenile court as a result of committing an assault with intent to kill upon Primitivo Garcia, (b) on December 11, 1967, after the death of Primitivo Garcia, the court found movant was not a proper subject for treatment under the Juvenile Code, (c) movant committed no further acts between November 22, 1967, and December 11, 1967, the only additional evidence being the death of Primitivo Garcia, (d) as a result, movant was denied due process of law.

Appellant no longer questions the voluntariness of his guilty plea. Notwithstanding, he now contends: I. That he was denied due process of law, asserting that "the purported certification * * * to stand trial as an adult by the juvenile court * * * was void and beyond the jurisdiction of the juvenile court in that the court was without jurisdiction * * * after his commitment to and reception by the Missouri State Board of Training Schools for Boys as the result of his assault of November 15, 1967, of one Primitivo Garcia"; and II. That he was denied due process of law for the reason he was twice placed in jeopardy for the same offense in violation of Amendments V and XIV, United States Constitution and Constitution of Missouri, Article I, Section 19, V.A.M.S.

Appellant's argument under Point I is that under Section 211.041, RSMo 1959, V.A.M.S., a juvenile court is deprived of jurisdiction to make any orders or findings with respect to a child once he has been committed to and received by the State Board of Training Schools and that a juvenile court can be reinvested with jurisdiction only by action of the State Board of Training Schools under Section 219.220, RSMo 1959, V.A.M.S.

Section 211.041, supra, did, at the time of these proceedings, provide that jurisdiction of a child could be retained for purposes of Chapter 211 until he attained the age of twenty-one years, "except in cases where he is committed to and received by the state board of training schools," and Section 219.220, supra, does provide a procedure whereby the State Board of Training Schools may apply to the committing court for relief from its custody in cases where the child is in need of care which the training school is not equipped to provide.

Nevertheless, a fair reading of Section 211.041, supra, indicates that the loss of jurisdiction which results from a commitment to the State Board of Training Schools has reference to only those proceedings in which jurisdiction was initially obtained by the committing juvenile court. The obvious purpose of the statute was to prevent the juvenile court from retaining jurisdiction over a child in the original proceedings after his commitment to and receipt by the State Board of Training Schools. The statute does not purport to and may not reasonably be construed to prevent a juvenile court from acquiring anew, as distinguished from retaining jurisdiction over the child in other proceedings coming within the purview of Sections 211.021 and 211.031, RSMo 1959, V.A.M.S., as a result of jurisdictional facts

arising subsequent to the original commitment of a child to and his receipt by the State Board of Training Schools.

In this case, Primitivo Garcia died subsequent to Durant's commitment to and receipt by the State Board of Training Schools for care and treatment under the first petition as a result of his felonious assault upon Garcia. Durant was returned to the jurisdiction of the Jackson County Juvenile Court by the training school, and was thereafter subject to its jurisdiction under Section 211.031, supra; a new petition was filed under Section 211.091, supra, upon which the juvenile court exercised its newly acquired jurisdiction; and the petition was dismissed to permit prosecution under the general law as provided by Section 211.071, supra.

■ Appellant does not question that the circuit court thereafter acquired jurisdiction of the murder charge by way of the indictment; and the voluntary plea of guilty to that charge entered by Winford Ray Durant in the subsequent prosecution waived the defects, if any, in the proceedings preliminary to his guilty plea. Gallegos v. Cox, 358 F.2d 703 (10th Cir. 1966); McClure v. State, 470 S.W.2d 548, 557[5] (Mo.1971). See also McGlathery v. State, 465 S.W.2d 496 (Mo.1971).

Appellant's argument under Point II is that the State, by electing to prosecute him as a juvenile and by committing him as a delinquent to the State Training School for Boys for the assault upon Garcia, placed him in jeopardy so as to preclude further action against him for the homicide which resulted from the assault.

Other jurisdictions have recognized that adjudication and commitment in juvenile court proceedings for a specific offense bars subsequent criminal prosecution for the same offense. See, e. g., United States v. Dickerson, 168 F.Supp. 899 (U.S.D.C.D. C.1958), where the juvenile court took jurisdiction over a child on a charge of robbery and a subsequent prosecution for robbery upon waiver of juvenile court jurisdiction was held to be barred; Garza v. State, 369 S.W.2d 36 (Tex.Cr.App.1963), where a juvenile court adjudication of delinquency on account of the killing of Antonio Rodriguez was a bar to a subsequent prosecution for the same murder; Sawyer v. Hauck, 245 F.Supp. 55 (W.D.Tex.1965), where provision against double jeopardy barred prosecution of a child for killing his parents subsequent to a juvenile court adjudication based on the same two killings; Hultin v. Beto, 396 F.2d 216 (5th Cir., 1968), where a juvenile delinquency adjudication arising from a nonfatal assault of Michael Lethcoe and the killing of Linda Ruble barred subsequent prosecution for the same two offenses. See also Anonymous v. Superior Court In and For the County of Pima, 10 Ariz.App. 243, 457 P. 2d 956 (1969), recognizing "substantial authority that the constitutional ban against double jeopardy prevents prosecution in the adult court for the same offense upon which an adjudication of delinquency was predicated * * * [and] applies to juvenile proceedings, at least insofar as the charges are serious enough to carry a risk of the child being placed in an institution for juvenile offenders." 457 P.2d l.c. 959[4].

■ The provision against double jeopardy is generally stated to be that an accused may not be twice tried for the same offense; and in order for a former conviction or acquittal to be a bar to a subsequent prosecution, the two offenses charged must be the same both in law and fact. State v. Toombs, 326 Mo. 981, 34 S. W.2d 61 (1930). In determining application of the principle, it must be recognized that a person may by one act violate more than one statute or commit more than one offense, State v. Moore, 326 Mo. 1199, 33 S.W.2d 905 (1930); that the test whether the offenses charged are one and the same is whether each offense necessitates proof of an essential fact or element not required by the other, United States v. Phillips, 432 F.2d 973 (8th Cir. 1970); Cardarella v.

United States, 375 F.2d 222 (8th Cir. 1967), cert. den. 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967); that it is immaterial that the same evidence is utilized to prove each offense if each requires proof of an essential fact or element not required to support a conviction on the other, United States v. Johnson, 284 F.Supp. 273 (W. D.Mo.1968), affd. 410 F.2d 38 (8th Cir. 1969), cert. den. 396 U.S. 822, 90 S.Ct. 63, 24 L.Ed.2d 72 (1969); State v. Moton, 476 S.W.2d 785 (Mo.1972). See also Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

■ In this case the essential facts or elements that make the second charge of murder differ from the first charge of assault are the different statutes involved and the death of the victim. The charge of felonious assault on Primitivo Garcia which served as the jurisdictional fact, Section 211.091, supra, in the original juvenile court proceeding involving Winford Ray Durant was thus not the same as the charge of murder subsequently placed against him to which he voluntarily pleaded guilty and upon which the judgment and sentence now in question were rendered.

Accordingly, this movant was not twice placed in jeopardy for the same offense. See Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912), holding that a charge of homicide made after the death of the person assaulted is not the same as a charge of the assault before the death of that person; one cannot be put in jeopardy for the offense of homicide prior to the death of the person upon whom the crime is committed. See also People v. Harrison, 395 Ill. 463, 70 N.E.2d 596 (1946), cert. den. 334 U.S. 812, 68 S.Ct. 1013, 92 L.Ed. 1744 (1948), holding that defendant's acquittal on a charge of assault with a deadly weapon was no bar to subsequent prosecution for murder after death of the victim; State v. Wilson, 85 Ariz. 213, 335 P. 2d 613 (1959), holding that where defendant had been convicted of assault with a

deadly weapon and the victim subsequently died, the former conviction did not bar a second prosecution for murder of the same victim because the crimes were not identical or different grades of the same offense; and, to the same effect, see Commonwealth v. Vanetzian, 350 Mass. 491, 215 N.E.2d 658 (1966).

Judgment affirmed.

All concur.