■ In the Matter of RALPH PETER, Petitioner, v JOHN R. KING, as District Attorney of the County of Dutchess, et al., Respondents. — Proceeding pursuant to CPLR article 78 to prohibit respondents from prosecuting petitioner for murder in the second degree under Indictment No. 74/80, filed by the Grand Jury of Dutchess County. Proceeding dismissed on the merits, without costs or disbursements. On November 5, 1978 petitioner allegedly shot the victim, his wife, who was rendered comatose. He was indicted, *inter alia,* for attempted murder in the second degree, and, on July 30, 1979, pleaded guilty to assault in the first degree in satisfaction of that indictment. Several days later, on August 4, 1979, the victim died, allegedly as a result of the injuries inflicted by petitioner. On November 13, 1979 petitioner was sentenced to an indeterminate term of imprisonment of 5 to 15 years upon his conviction of assault in the first degree. Thereafter, on May 6, 1980, the Grand Jury of Dutchess County filed an indictment charging petitioner with murder in the second degree. Petitioner contends that his prosecution for murder in the second degree does not comply with the standards set forth in CPL 40.20 (subd 2, par [d]) and constitutional proscriptions against double jeopardy. However, since the victim died subsequent to petitioner's prosecution for assault (see CPL 40.30, subd 1, par [a]) the prosecution for murder in the second degree is authorized by CPL 40.20 (subd 2, par [d]). Nor does the prosecution for murder in the second degree, under these circumstances, violate petitioner's constitutional rights (see *Jeffers v United States,* 432 US 137, 151; *Diaz v United States,* 223 US 442, 448-449). Petitioner also contends that he has been deprived of his right to a speedy trial. However, such a claim is not generally cognizable in a proceeding pursuant to CPLR article 78 (see *Matter of Lopez v Justices of the Supreme Ct. of N.Y. County,* 36 NY2d 949). Therefore, the petition must be dismissed. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ In the Matter of PROGRESS ASSOCIATES et al., Appellants, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Respondents. — Order of the Supreme Court, Nassau County, dated May 23, 1979, affirmed, without costs or disbursements (see *Matter of Axinn Co. [United Catalog Publishers] v Board of Assessors of County of Nassau,* 81 AD2d 667). Lazer, J. P., Mangano, Cohalan and O'Connor, JJ., concur.

■ In the Matter of JUANITA R. In the Matter of REGINA P. BROOKLYN SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN, Appellant; LILLIAN C., Respondent. — In neglect proceedings, petitioner, the Brooklyn Society for the Prevention of Cruelty to Children, appeals from two orders (one in each proceeding) of the Family Court, Kings County, both dated January 20, 1981, which, *inter alia,* dismissed, without prejudice, the neglect petitions for failure to prosecute. Orders reversed, without costs or disbursements, petitions reinstated, and proceedings remitted to the Family Court for a hearing pursuant to section 1028 of the Family Court Act. The hearing should be held as soon as practicable. The Family Court erred in dismissing petitioner's neglect petitions for failure to prosecute. The record discloses no lack of diligence by petitioner, in that the illness of its key witness constituted good cause for adjournment. Mangano, J. P., Rabin, Margett and Weinstein, JJ., concur.