[No. F003379. Fifth Dist. May 3, 1985.]

In re SAUL S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant, v.
SAUL S., Defendant and Respondent.

1062

COUNSEL

John K. Van de Kamp, Attorney General, Edmund D. McMurray, Robert D. Marshall and Michael T. Garcia, Deputy Attorneys General, for Plaintiff and Appellant.

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Joan W. Cavanagh, Deputy State Public Defender, for Defendant and Respondent.

OPINION

**HAMLIN, Acting P. J.**—On March 18, 1981, a petition was filed with the juvenile court to adjudicate respondent Saul S. a ward of the court under section 602 of the Welfare and Institutions Code (hereafter juvenile petition). The juvenile petition alleged that respondent had committed robbery (Pen. Code, § 211)[1] and attempted murder (§§ 664/187) of Rose Carolyn Kreisel. It also alleged, based on these offenses, a violation of the court's previous order releasing respondent on probation. Finally, the petition alleged that respondent intentionally inflicted great bodily injury during the commission of the robbery (§ 12022.7).

After the court found there was a prima facie case, respondent admitted the attempted murder of Kreisel; the other charges were dismissed. The court found respondent was a proper subject to benefit from California Youth Authority treatment and fixed nine years as his maximum term of confinement.

Over two years after respondent admitted the attempted murder (hereafter conviction), Kreisel died from the injury inflicted by respondent. A new juvenile petition was filed alleging that respondent murdered Kreisel (§ 187) through the same acts or occurrence which supported his previous conviction. Respondent moved to dismiss based upon double jeopardy under the Fifth Amendment to the United States Constitution and article I, section 15 of the California Constitution. The juvenile court granted respondent's motion. The People appeal from that judgment.

The sole issue on appeal is whether the constitutional protection against double jeopardy bars prosecution of a murder charge against one who has been previously convicted of attempted murder based on the same occur-

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

rence. We hold that it does not when the victim of the offense dies after the first conviction. The judgment will be reversed.

## The Facts[2]

On the evening of March 16, 1981, respondent and several other minors entered a market intending to purchase alcoholic beverages. The clerk, Rose Carolyn Kreisel, refused to sell them alcoholic beverages. They then left the store to discuss the situation. This discussion led to the decision that two group members would return to the store and attempt to steal some beer. While his companions were in the store, respondent took a tire iron from the trunk of his vehicle and hid it under his shirt. He then entered the store to help in the theft. When he noted the clerk watching one of his companions standing beside the beer cooler in the back of the market, he took out his tire iron, jumped over the counter and struck the clerk. After the first blow, the clerk fell to the floor, and respondent got on top of her and hit her on the head several more times with the tire iron.

One of the persons in the store when respondent and his companions entered had left and called the police. They arrived about 15 minutes later. The first patrolman on the scene saw Rose Carolyn Kreisel sitting in a pool of blood. The officer knew immediately that Kreisel's injuries were serious and requested an ambulance. Kreisel had wounds on her head and a large cut on the back of her hand. She was transported to the hospital in critical condition. Her injuries required 24-hour-a-day care until her death over two years later.

## Discussion

*Does an attempted murder conviction bar a later charge of murder of the same victim after she dies as a result of the same occurrence?*

■ Both the United States and California Constitutions provide that a person may not be twice placed in jeopardy for the same offense. (U.S. Const., 5th Amend.; Cal. Const., art. I, § 15.) The double jeopardy clause of the Fifth Amendment applies to the states through the due process clause of the Fourteenth Amendment. (*Benton* v. *Maryland* (1969) 395 U.S. 784, 787 [23 L.Ed.2d 707, 711, 89 S.Ct. 2056].) The protection against double jeopardy in the California Constitution is the same as that in the federal Constitution. (*Gomez* v. *Superior Court* (1958) 50 Cal.2d 640 [328 P.2d 976].)

---

[2]The parties agree the probation officer's report accurately states the facts. We take our statement of facts from that report.

In California, section 1023 implements the double jeopardy prohibition. It states: "When the defendant is convicted or acquitted or has been once placed in jeopardy upon the accusatory pleading, the conviction, acquittal, or jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading, or for an attempt to commit the same, *or for an offense necessarily included therein, of which he might have been convicted under that accusatory pleading.*" (Italics added.)

In addition to protecting against a second prosecution for the same offense after either acquittal or conviction, the double jeopardy clause protects, as does section 1023, against multiple punishments for the same offense. (See *North Carolina* v. *Pearce* (1969) 395 U.S. 711, 717 [23 L.Ed.2d 656, 664, 89 S.Ct. 2072].)

■ The purpose of the protection against a second prosecution "is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." (*Green* v. *United States* (1957) 355 U.S. 184, 187-188 [2 L.Ed.2d 199, 204, 78 S.Ct. 221, 61 A.L.R.2d 1119]. See also *Gomez* v. *Superior Court, supra,* 50 Cal.2d at p. 644.)

■ In *Brown* v. *Ohio* (1977) 432 U.S. 161 [53 L.Ed.2d 187, 97 S.Ct. 2221], the Supreme Court established the general rule that the double jeopardy clause prohibits a state or the federal government from trying a defendant for a greater offense after it has convicted him of a lesser included offense. That court reached the conclusion that it is invariably true that the greater offense and any lesser included offense are the same for double jeopardy purposes by applying the test stated in *Blockburger* v. *United States* (1932) 284 U.S. 299, 304 [76 L.Ed. 306, 309, 52 S.Ct. 180]: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . ." However, the court noted that "An exception [to the general rule] may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." (*Brown* v. *Ohio, supra,* 432 U.S. at p. 169, fn. 7 [53 L.Ed.2d at p. 196].) Also, in *Jeffers* v. *United States, supra,* 432 U.S. 137 [53 L.Ed.2d 168], decided on the same day, the court stated: "The rule established in *Brown,* however, does

have some exceptions. One commonly recognized exception is when all the events necessary to the greater crime have not taken place at the time the prosecution for the lesser is begun. [Citations omitted.]" (*Id.*, at p. 151 [53 L.Ed.2d at p. 180].)

One of the cases on which both *Brown* and *Jeffers* relied for this exception to the general rule of double jeopardy is *Diaz* v. *United States* (1912) 223 U.S. 442 [56 L.Ed. 500, 32 S.Ct. 250]. There the Supreme Court held that a charge of homicide made after the death of the person assaulted is not the same as a charge of an assault before the death of that person. The court stated: "The homicide charged against the accused in the court of first instance and the assault and battery for which he was tried before the justice of the peace, although identical in some of their elements, were distinct offenses both in law and in fact. The death of the injured person was the principal element of the homicide, but was no part of the assault and battery. At the time of the trial for the latter the death had not ensued, and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for that offense." (*Id.*, at pp. 448-449 [56 L.Ed. at p. 503].)

The Supreme Court in *Brown* and *Jeffers* also cited in support of the above mentioned exception the view expressed by Justice Brennan in footnote 7 of his concurring opinion in *Ashe* v. *Swenson* (1970) 397 U.S. 436, 453 [25 L.Ed.2d 469, 481, 90 S.Ct. 1189]: "For example, where a crime is not completed or not discovered, despite diligence on the part of the police, until after the commencement of a prosecution for other crimes arising from the same transaction, an exception to the 'same transaction' rule should be made to permit a separate prosecution. [Citations omitted.]"

The exception to the general rule established in *Brown* v. *Ohio, supra,* 432 U.S. at pages 168-169 [53 L.Ed.2d at pp. 195-196], which permits the state to try a defendant for a greater offense after he has been convicted of a lesser included offense when all the events necessary to the greater crime have not taken place at the time of the earlier conviction, has been adopted by leading treatises and legal encyclopedias. (See, e.g., 1 Wharton's Criminal Law (14th ed. 1978) § 68, pp. 346-347; Witkin, Cal. Crimes (1983 supp. to vol. I) § 209, p. 205; 21 Am.Jur.2d, Criminal Law, § 186; 22 C.J.S., Criminal Law, § 287.)

The cases in which this same exception has been recognized in California involve misdemeanor convictions followed by prosecutions for homicide after the death of the victim. (*People* v. *Wilson* (1924) 193 Cal. 512, 515 [226 P. 5]; *People* v. *Breland* (1966) 243 Cal.App.2d 644 [52 Cal.Rptr. 696].) For our purposes, this is a distinction without a difference because

the rationale employed by these courts in recognizing the exception is the same.

In *Breland,* the court noted that the rule against multiple prosecutions is a procedural safeguard designed to prevent harassment. However, the court went on to conclude there was no harassment or fundamental unfairness when the district attorney prosecuted the defendant for the death of the victim which had not occurred at the time of the misdemeanor prosecution. "If . . . the risk of harassment through both a misdemeanor and felony prosecution may be outweighed by the risk that a defendant guilty of a felony may escape proper punishment, as is true in the present case, by a parity of reasoning the rule against multiple punishment is satisfied by a provision in the judgment that the defendant be given credit for the time served pursuant to the sentence imposed in the misdemeanor case." (*People v. Breland, supra,* 243 Cal.App.2d at p. 652.)

■ Respondent also urges that *Wilson* and *Breland* are not controlling here because the victim was in critical condition living under 24-hour-a-day care following the attack. In this circumstance, respondent argues, the prosecution was overzealous in prosecuting almost immediately when, according to section 194, the People could have waited up to three years to file an attempted murder charge. Respondent's argument is not persuasive. Although the victim was in critical condition, it is unreasonable to require the prosecution to predict just when death from respondent's offense would occur, if at all. This is especially true today "upon a consideration of the advances of medical and related science in solving etiological problems as well as in sustaining or prolonging life in the face of trauma or disease." (*Com.* v. *Lewis* (1980) 381 Mass. 411 [409 N.E.2d 771, 773].)

Moreover, society has an important interest in seeing potential criminals quickly prosecuted. If we were to adopt respondent's reasoning, the state could be forced to permit potentially dangerous criminals to "roam the streets" while waiting, as in our case 2 years and 164 days, for the victim to die or else be compelled to prosecute the lesser charge. We believe that such a result is contrary to public safety and society's interest in seeing that criminals are properly punished for their crimes.[3]

---

[3]See *In re Dennis B.* (1976) 18 Cal.3d 687, 696 [135 Cal.Rptr. 82, 557 P.2d 514]: "Further, we cannot be insensitive to the equities of the state's position. There is an undeniable state interest in prosecuting serious misdemeanors and felonies. To permit defendant to be prosecuted only for a minor motor vehicle code infraction when his alleged crime was actually manslaughter 'would operate with gross unfairness to the State.' (*State* v. *Currie* (1964) 41 N.J. 531 [197 A.2d 678, 685].) On balance, we believe the minimal potential for harassment and waste caused by defendant's multiple prosecution in the case at bar is outweighed by the state's interests in preserving the summary nature of traffic proceedings and insuring that a defendant charged with a felony or serious misdemeanor does not evade appropriate disposition."

Finally, the conclusion we reach is also supported by decisions of the courts of other states. In *People* v. *Harrison* (1946) 395 Ill. 463 [70 N.E.2d 596], cert. den. (1948) 334 U.S. 812 [92 L.Ed. 1744, 68 S.Ct. 1013], a leading case, the court held that a defendant's acquittal on a charge of assault with a deadly weapon was no bar to later prosecution for murder after the death of the victim.

Other out-of-state courts have similarly rejected double jeopardy arguments in homicide prosecutions when the victim of the charge on which the prior conviction was based died after that conviction. See, e.g., *State* v. *Wilson* (1959) 85 Ariz. 213 [335 P.2d 613] (assault with deadly weapon/murder); *State* v. *Randolph* (1940) 61 Idaho 456 [102 P.2d 913] (assault and battery/homicide); *Hill* v. *State* (1941) 141 Tex.Crim.App. 169 [149 S.W.2d 93] (assault with intent to murder/murder); *Powell* v. *State* (1949) 253 Ala. 41 [42 So.2d 693] (assault with intent to murder/murder); *State* v. *Poland* (1970) 255 La. 746 [232 So.2d 499] (attempted murder/murder); *Commonwealth* v. *Vanetzian* (1966) 350 Mass. 491 [215 N.E.2d 658] (battery/homicide); *Commonwealth* v. *Maroney* (1965) 417 Pa. 368 [207 A.2d 814] (aggravated assault and robbery/murder); *State* v. *Meadows* (1968) 272 N.C. 327 [158 S.E.2d 638] (felonious assault/manslaughter); *Durant* v. *State* (Mo.App. 1975) 523 S.W.2d 837 (juvenile felonious assault/murder); *People* v. *Williams* (1975) 61 Mich.App. 642 [233 N.W.2d 122] (breaking and entering/felony murder); *Peter* v. *King* (1981) 81 App.Div.2d 672 [438 N.Y.S.2d 347] (assault/murder); *Rouzie* v. *Com.* (1974) 215 Va. 174 [207 S.E.2d 854] (dictum; assault/murder); *Lowe* v. *State* (1978) 240 Ga. 767 [242 S.E.2d 582] (aggravated assault/murder); *Centers* v. *Commonwealth* (Ky.App. 1958) 318 S.W.2d 57 (robbery/murder); *State* v. *Kirkland* (Fla. 1981) 401 So.2d 1335 (juvenile nolo contendere to delinquency petition based upon armed robbery/murder); *Southworth* v. *State* (1929) 98 Fla. 1184 [125 So. 345] (robbery/murder).

We therefore conclude that the constitutional protection against double jeopardy does not bar prosecution of the murder charge against respondent notwithstanding his previous conviction of attempted murder based on the same occurrence. The offenses are not the same because the victim was alive at the time of the earlier conviction. This conclusion is consistent with section 1023 implementing the constitutional protection against double jeopardy. That section bars prosecution for a necessarily included offense "of which he might have been convicted under that accusatory pleading." Respondent could not have been convicted of murder at his first trial because the victim was not dead.

We reverse the judgment of dismissal and remand the matter to the juvenile court for further proceedings. In the event the allegation of murder

is found true after trial, the juvenile court is directed to take the necessary action to assure that respondent receives full credit for the period of time he has been, or may hereafter be, confined for the attempted murder against the period of confinement imposed by reason of the murder conviction.

Martin, J., and Vander Wall, J.,* concurred.

A petition for a rehearing was denied May 21, 1985, and respondent's petition for review by the Supreme Court was denied August 22, 1985.

*Assigned by the Chairperson of the Judicial Council.