■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH PETER, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Rosenblatt, J.), rendered July 29, 1981, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We reject the defendant's contention that the instant prosecution for intentional murder was barred by the statutory prohibition against double jeopardy embodied in CPL 40.20. The record indicates that the decedent, the defendant's wife, died several days after the defendant entered a plea of guilty to first degree assault in connection with the shooting of the same individual. Since the defendant's wife died subsequent to the prosecution of the defendant for an offense resulting in physical injury to the decedent, the People were free to prosecute the defendant for murder (see, CPL 40.20 [2] [b]; CPL 40.30 [1] [a]; People v Rivera, 60 NY2d 110; Matter of Peter v King, 81 AD2d 672, lv denied 53 NY2d 609).

Moreover, we conclude that the evidence, viewed in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), was sufficient to prove the defendant guilty of intentional murder beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). Indeed, the defendant expressed a desire to kill his wife one or two weeks prior to the shooting, and on the day of the offense, he lured her to the scene of the crime and then fired a shot from a .16 gauge shotgun into her abdomen from a distance of one to two feet. Hence, we discern no basis for disturbing the jury's verdict *(see generally, People v Mathure,* 111 AD2d 876; *People v Rosenfeld,* 93 AD2d 872). Lazer, J. P., Mangano, Brown and Weinstein, JJ., concur.