■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY UNDERWOOD, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Isseks, J.), rendered August 30, 1979, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was arrested without probable cause and that the police unlawfully entered his premises to effect an arrest without first securing a warrant. However, the defendant failed to raise these contentions at any point before the court of first instance. Hence, he has failed to preserve these issues for appellate review and has deprived this court of an adequate record upon which to exercise a reasoned and intelligent review of his contentions *(see, People v Coleman,* 56 NY2d 269; *People v Martin,* 50 NY2d 1029; *People v Manners,* 118 AD2d 734; *People v Shaoul,* 96 AD2d 892).

The defendant's contention that the People failed to prove the element of intent to cause death beyond a reasonable doubt is without merit. The evidence, viewed in the light most favorable to the People *(see, People v Ford,* 66 NY2d 428, 437; *People v Milea,* 112 AD2d 1011), amply supports the jury's verdict finding the defendant guilty beyond a reasonable doubt of intentional murder *(see, People v Contes,* 60 NY2d 620). Indeed, the testimony of several eyewitnesses demonstrated

that the defendant argued with the decedent and then stated that he would kill him. The defendant returned to the scene shortly thereafter armed with a loaded rifle and shot the decedent twice at close range, puncturing the latter's heart and lung. Thus, the record reveals no basis for disturbing the jury's verdict *(see, People v Peter,* 122 AD2d 894; *People v Mathure,* 111 AD2d 876; *People v Rosenfeld,* 93 AD2d 872).

We have considered the defendant's additional contentions raised in his *pro se* supplemental affidavit and find them to be without merit. Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.