PER CURIAM.
Olivia Waddy petitions this court for a writ of prohibition, arguing that further prosecution is barred by the double jeopardy clauses of the state and federal constitutions. She shows that in January 1993 she was tried and convicted by a jury of the offense of attempted first-degree murder. After sentence was imposed, however, the victim died and Ms. Waddy was indicted for the offense of premeditated murder arising from the same factual episode. Her petition to this court argues that the trial court erred in denying her motion to dismiss on grounds of double jeopardy.
We find that petitioner’s arguments are not well taken. Similar arguments have been rejected where the defendant was previously convicted of strong-armed robbery, State v. Kirkland, 401 So.2d 1335 (Fla.1981), and robbery, Southworth v. State, 98 Fla. 1184, 125 So. 345 (1929). See also State ex rel. Branch v. Wade, 357 So.2d 473 (Fla. 1st DCA 1978) (state nolle prossed attempted murder charge at time of victim’s death and indictment for first-degree murder returned). Petitioner argues that these cases should be distinguished because her prior conviction is of the attempt to commit the offense with which she now is charged. We do not find these factual distinctions dispositive. Moreover, other jurisdictions which have addressed the factual scenario and legal question presented here have found no double jeopardy bar to a murder prosecution. In re Saul S., 167 Cal.App.3d 1061, 213 Cal.Rptr. 541 (1985) held there is an exception under these facts to the general rule that the double jeopardy clause prohibits the state from trying a defendant for a greater offense after it has obtained a conviction for a lesser included offense. That exception exists because the state “is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred_” Id. 213 Cal. Rptr. at 544 (quoting Brown v. Ohio, 432 U.S. 161,169 n. 7, 97 S.Ct. 2221, 2227 n. 7, 53 L.Ed.2d 187, 196 n. 7 (1977)). Accord State v. Poland, 255 La. 746, 232 So.2d 499 (1970), modified on other grounds, 408 U.S. 936, 92 S.Ct. 2862, 33 L.Ed.2d 754 (1972). We find these cases to have been correctly decided and we follow their reasoning and result in the matter before us. Accordingly, the petition for writ of prohibition is denied.
PETITION DENIED.
WOLF, WEBSTER and LAWRENCE, JJ., concur.