ZEHMER, Judge.
In this Chapter 39 juvenile proceeding, appellant contends that the circuit court erred in denying continuance of a June 10, 1982, hearing on three petitions filed on June 1, 1982. Appellant had previously been adjudicated a delinquent in three separate cases and placed in a Community Control Program under the supervision of the Department of Health and Rehabilitative Services. The petitions filed by HRS sought, in effect, the revocation of appellant’s juvenile probation because of certain violations of the order assigning him to Community Control. Appellant’s counsel, a public defender who represented appellant in the prior proceedings that resulted in the aforesaid adjudications, appeared with appellant at the hearing. Appellant denied the allegations, and appellant’s counsel, having just received a copy of the written petitions, requested a pretrial date. The state announced that it was ready to proceed with a hearing of the matters alleged and resisted any delay because appellant had already been under detention for 21 days, having been taken into custody after he ran away, and any further delay in commencement of the hearing would require appellant’s release from detention under Section 39.032(6)(b), Florida Statutes (1981). Based on appellant’s rather extensive prior record, he was justifiably considered a high runaway risk. When appellant’s counsel stated that he was not ready to proceed with the hearing, the presiding judge announced that appellant could either proceed with the hearing or waive appellant’s right to release and seek a continuance to the next week.
Appellant’s counsel objected to any hearing and declined to waive any of appellant’s rights or to move for a continuance, insisting, “We are not prepared at this time to proceed to a hearing.” No further explanation was made by appellant’s counsel of when he had received notice of the petitions and alleged violations or why he could not proceed to a hearing on what he characterized as “technical violations” of the Control Program conditions. Faced with appellant’s refusal to seek a continuance or waive the 21-day release requirement, the presiding judge conducted the hearing with appellant’s counsel present and participating. The state presented brief testimony by appellant’s father sufficient to establish appellant’s violations of the Community Control conditions. Finding such violations to exist, the court ordered appellant committed to the Department of Health and Rehabilitative Services.
*1009 Section 39.032(6)(b) provides that “no child shall be held in detention care ... for more than 21 days unless an adjudicatory hearing for the case has been commenced by the court.” The statute does not require that an adjudicative hearing be completed within 21 days. The evident purpose of the statute is to require the state to be prepared to commence with proof of the reasons for the detention within 21 days. When so construed, a trial judge faced with the problem presented in this case could properly commence the hearing on the petition and then recess or adjourn if appropriate motion is made by counsel for the accused upon a reasonable showing of a need for continuance or delay and resulting prejudice to the accused if the requested delay were not granted. The June 10 hearing at which appellant and his counsel appeared was an adjudicatory hearing, notwithstanding that appellant might characterize it as an arraignment. Its sole purpose was to determine whether appellant had violated the conditions of Community Control, not merely to receive a plea from appellant. Once the hearing commenced and the state evidenced readiness to proceed with proof, the 21-day requirement under the statute was met.
We recognize that as a general rule defense counsel does not have to proceed with a criminal trial if he has not been afforded a reasonable opportunity to prepare; e.g., Hawkins v. State, 184 So.2d 486 (Fla. 1st DCA 1966); Harley v. State, 407 So.2d 382 (Fla. 1st DCA 1981). But the rule represented by those decisions is not controlling here. This case did not involve a trial of criminal charges but, rather, a proceeding to revoke probation. No formal motion setting out any specific grounds to support a continuance was ever made by appellant. During the hearing, appellant did not request a continuance, recess or short adjournment of the hearing to permit him to obtain information or documents needed for cross-examination or to obtain testimony of witnesses pertinent to any defense. Appellant made no showing on the record why he was prejudiced in any way by proceeding with the hearing on June 10. See Riggins v. State, 283 So.2d 878 (Fla. 1st DCA 1973). On the contrary, it appears that appellant was attempting to compel his release under Section 39.032(6)(b) by delaying the hearing on the sole technical ground that he had just received a copy of the written petition.
Upon consideration of all the facts and circumstances shown by the record, especially the simple proof of the alleged violations required, we find no prejudice to appellant and no abuse of discretion by the trial judge in proceeding with the hearing over appellant’s objection, and affirm the order of commitment.
ROBERT P. SMITH, Jr., C.J., and WENTWORTH, J., concur.