570 So.2d 430 (1990)
B.G., C.W., and B.O., Petitioners,
v.
Ronald FRYER, Superintendent of Broward Juvenile Detention Center, or Other Designated Supervisor of Juvenile Detention, Respondent.
Nos. 90-2320, 90-2322, 90-2323 and 90-2324.
District Court of Appeal of Florida, Fourth District.
November 28, 1990.
*431 Allen H. Schreiber, Public Defender, and Owen McNamee, Asst. Public Defender, Fort Lauderdale, for petitioners.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
These four petitions for writs of habeas corpus have been consolidated sua sponte for purposes of this opinion. Orders granting the petitions have been issued earlier, advising that this opinion would follow. Each of these cases involves the apparent misapplication of Florida Statutes governing the detention of juveniles prior to adjudicatory hearings.
While each of the four petitions now before us named Broward Circuit Court Judge Lawrence L. Korda as respondent, this court sua sponte removes him as named respondent and substitutes the custodian of petitioners as Ronald Fryer, Superintendent of the Broward Regional Juvenile Detention Center, or other designated supervisor of juvenile detention. A summary of the four cases can be reduced to the following key facts.
In B.G. v. Fryer, Case No. 90-2320, petitioner juvenile was arrested for throwing a deadly missile into an occupied dwelling and placed in secure detention on July 26, 1990. Before expiration of the maximum twenty-one day detention period before an adjudicatory hearing, as provided by statute, the state filed a form motion for continued detention on grounds of "good cause," alleging that additional time was needed to "allow the police to conclude their investigation and present their case to the office of the State Attorney for a filing decision." The court granted the state's motion and continued detention for ten days, after which time the "level" of detention was reduced to non-secure, home detention. The state advises in its response that petitioner has violated the terms of his non-secure detention and that a warrant for his arrest has been issued.
In C.W. v. Fryer, Case No. 90-2322, petitioner juvenile was arrested for aggravated assault and detained on July 26, 1990. The state moved for his continued detention for "good cause," again based on its form motion with the same boilerplate grounds. The court granted a ten day extension.
In B.O. v. Fryer, Case No. 90-2323, petitioner juvenile was arrested for armed robbery, fleeing a police officer, and leaving the scene of an accident, and was ordered detained on July 19, 1990. In B.O. v. Fryer, Case No. 90-2324, the same petitioner was charged with attempted murder and armed robbery, and was detained on these charges on the same date. The prosecutions were consolidated in the trial court. The state's form motion for continued detention was filed on August 3, 1990 in both prosecutions and was granted for an additional twenty-one days. At the hearing on this motion, the assistant state attorney added as grounds for the continuance the fact that the victim of the crimes charged remained hospitalized, facing the loss of one or perhaps both legs, that an additional unnamed witness had not been located, and that the state was considering prosecuting petitioner as an adult.
*432 In all of these cases, the attorney general's office, responding on behalf of the judge initially named in these petitions and presumably the substitute respondent named herein, defends the continuations of detention as based on adequate grounds, advises this court that in one case the level of detention was reduced to home detention, and further suggests that the ordinary course of procedure in these cases is for the presiding judge to thoroughly review several documents before determining "good cause," including an arrest report, information (if filed), a detention screening form, and an HRS computer print out showing the juvenile's prior involvement in the court system. In our view, these arguments fail to overcome the legal insufficiency of the actual grounds relied upon by the presiding judge in continuing the detention of these petitioners.
The governing provision of the Florida Juvenile Justice Act, which the judge clearly and consistently misconstrued, appears in section 39.032(6), Florida Statutes (1989), particularly subsections (6)(b) and (6)(d).
(b) No child shall be held in nonsecure or secure detention care or a crisis home under a special detention order for more than 21 days unless an adjudicatory hearing for the case has been commenced by the court.
... .
(d) The time limits in paragraphs (b) and (c) do not include periods of delay resulting from a continuance granted by the court for good cause shown on motion of the child or his counsel or of the state, or upon motion of the court.
While subsection (6)(d) thus allows for continuances of juvenile detention beyond the twenty-one day maximum, such continuances must be for "good cause." While this term is nowhere defined in the statutes, recent case law provides some guidance. In E.W. v. Brown, 559 So.2d 712 (Fla. 1st DCA 1990), for example, the First District Court of Appeal said that "good cause" had to be more than merely the grounds relied upon for a juvenile's original detention. Examples of what the First District Court of Appeal believed would constitute "good cause" were cases where the state could show that a witness was currently unavailable or an investigation incomplete. Id. at 713. However, merely parroting this language in a form motion or at a hearing without any supporting, competent evidence or specificity does not constitute "good cause" under section 39.032(6)(d), Florida Statutes.
In J.B. v. Lumpee, 450 So.2d 1286 (Fla. 2d DCA 1984), the Second District Court of Appeal said that a finding of "good cause" must be predicated on a record containing competent evidence of the reasons for continuing the maximum twenty-one day detention period before an adjudicatory hearing must take place. Finally, this court recently said in L.J. v. Fryer, 565 So.2d 713 (Fla. 4th DCA 1990), that "good cause" cannot be based merely on the failure of a juvenile's parents to retain legal counsel for the juvenile before the expiration of the twenty-one day period.
Applied to the four cases herein, this authority establishes petitioners' entitlement to habeas relief. The state's use of a form motion, combined with its failure to offer any competent evidence to support its conclusory claims of incomplete investigations, or unavailability of an unidentified witness, and with no further specificity, does not show "good cause" for continuing a juvenile's detention beyond the twenty-one day period before adjudicatory hearing. To hold otherwise could result in evisceration of the statute's twenty-one day detention limit altogether, achieved by the mere filing of a form motion. The statute was not meant to allow such a result.
The petitions for writs of habeas corpus are granted and petitioners released in accordance with our previous orders.
HERSEY, C.J., and LETTS and GARRETT, JJ., concur.