570 So.2d 1096 (1990)
P.H., a Child, Petitioner,
v.
Ronald FRYER, Superintendent of Broward Regional Juvenile Detention Center, Respondent.
No. 90-2714.
District Court of Appeal of Florida, Fourth District.
December 5, 1990.
Allen H. Schreiber, Public Defender, and Frank de la Torre and Michael Klein, Asst. Public Defenders, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
This motion for writ of habeas corpus or other appropriate relief is construed as a petition for writ of habeas corpus, and the Honorable Lawrence L. Korda, circuit court judge, is, sua sponte, stricken as a *1097 named respondent. By earlier order, this court granted the petition and ordered petitioner released from detention forthwith. This opinion follows to set forth the reasons behind our ruling.
Petitioner P.H., a juvenile, was held in secure detention for approximately twenty days when the state filed and argued a motion for extention [sic] of detention beyond the statutory twenty-one (21) day maximum detention period before an adjudicatory hearing, provided by section 39.032(6)(d), Florida Statutes (1989). As detention began on September 15, 1990, this case predates The Florida Juvenile Justice Act, Chapter 90-208, effective October 1, 1990. The state's form motion recites that petitioner was originally arrested for aggravated assault, and that an extension of detention was necessary for this reason:
The BSO [Broward Sheriff's Office] Investigating Detective has had difficulty locating and scheduling victim and witness statements. Filing appt. is set for 10/10/90 with undersigned Assistant State Attorney.
The motion also makes a legal argument that the legislature did not intend to automatically release juveniles charged with "serious crimes" into the community after only twenty-one days, and acknowledges that other grounds for extension would be argued ore tenus. They were. At the hearing, the assistant state attorney said that the state investigators had "encountered difficulty" in locating and scheduling interviews of the victim and witnesses. However, the explanation offered did not support this contention. The victim, it was revealed, was said to live in Miami and work as a staff member at the group treatment home where petitioner was detained and where the aggravated assault allegedly occurred. The witnesses were the other juveniles at the home. The victim worked a noon to eight p.m. shift and on weekends. The state never said that any attempt to contact the victim and witnesses on weekends had ever been made to date.
Thus, the state did not show that the victim or any witnesses were actually unavailable. It did not even show that its investigation was ever commenced. At most, it argued potential inconvenience in scheduling interviews, as the subjects were located in Miami. This would not constitute adequate grounds for continuation of detention under section 39.032(6)(d). The courts are cautioned to look beyond the mere allegations in a motion for continuance. If a factual basis is lacking, continuance must be denied.
Also at the hearing on the state's motion for continuance of the twenty-one day period, a spokesperson for the group treatment home where petitioner has been held in the past advised the court that petitioner has been difficult to handle at times, but that he has never left the home. He also said petitioner's mother had not been located. The court further noted that petitioner's file, including a face sheet, and probable cause affidavit, revealed prior charges and adjudications for crimes. However, as the First District Court of Appeal held in E.W. v. Brown, 559 So.2d 712 (Fla. 1st DCA 1990), the "good cause" requirement of this statute does not relate to the original basis for detention, but to the reason for the delay in the commencement of the adjudicatory hearing process. Id. at 713.
It is clear from review of the transcript of the hearing on the state's motion for continuance that the trial court felt frustration with the constraints of the juvenile detention law given the facts before it. However, this frustration cannot be the basis for an order continuing detention beyond the twenty-one day period based on a juvenile's prior record, absent mother, bad behavior in a group home, or even perceived danger once released. None of these grounds constitutes "good cause" for continuance.
The petition for writ of habeas corpus is granted.
HERSEY, C.J., and GARRETT, J., concur.
LETTS, J., concurs specially with opinion.
*1098 LETTS, Judge, specially concurring.
As a spate of decisions (in excess of forty) from this court over the last year will confirm, Judge Lawrence L. Korda does not like the statutory provisions on juvenile detention. Neither do I. However, as Gertrude Stein might put it, "the law, is the law, is the law." Surely, of all people, judges must have respect for it.