PER CURIAM.
By petition for writ of habeas corpus, petitioner, a juvenile, seeks immediate release from an allegedly illegal continuation of his secured detention past the twenty-one day maximum.
On November 16, 1993, after failing to appear for trial, petitioner was placed in detention on the instant charge. The original twenty-one day period of detention expired on December 6, 1993. At a status conference on December 1, the trial judge informed the parties that he would be on vacation the week of December 6 and scheduled the case for trial on December 13. On December 3, 1993, the state filed an emergency motion to extend detention until December 13, based upon the judge’s unavailability.
*1320 At the December 3 hearing on the state’s motion to extend the detention period, a substitute judge offered to hear the case on Tuesday, December 7, one-day beyond the detention period. The assistant public defender standing in at this hearing for the assistant assigned to the case stated that he was unsure whether the defense could be prepared by December 7. The defense neither expressly accepted nor rejected the judge’s offer to conduct the hearing on December 7, 1993.
After further colloquy, the court granted the state’s motion to extend the detention period to December 13 for the following reasons: Petitioner’s earlier failure to appear, the absence of the assigned judge which the court found constituted good cause, and the fact that the substitute judge was the only other judge in the juvenile division and was also unavailable on Monday, December 6, the last day of the original detention. The court also pointed out in response to defendant’s request that the matter be set for December 6 that a majority of the circuit judges would be unavailable due to a judicial conference.
The petitioner’s failure to appear cannot be considered in the determination of good cause. P.H. v. Fryer, 570 So.2d 1096 (Fla. 4th DCA 1990). We hold, however, that the remaining reasons stated by the court coupled with the petitioner’s failure to accept the trial court’s offer to hear the matter on December 7 constitute good cause for the trial court’s order extending the detention period to December 13, 1993.
Accordingly, the petition for habeas corpus is denied.
DELL, C.J., and GLICKSTEIN and GUNTHER, JJ., concur.