WARNER, Judge.
We grant the petition for writ of ha-beas corpus filed by the juvenile petitioner on the ground that the juvenile cannot be held on the charge of burglary beyond the 21 day statutory period without good cause. Reliance on the juvenile’s prior record and perceived danger to the community do not constitute good cause under section 39.044(5)(d), Florida Statutes (1995), for extending the 21-day limit on detention prior to the commencement of an adjudicatory hearing. The statute provides:
The time limits of paragraphs (b)and (c) do not include periods of delay resulting from a continuance granted by the court for cause on motion of the child or his or her counsel or of the state.
§ 39.044(5)(d) (emphasis supplied). In E.W. v. Brawn, 559 So.2d 712, 713 (Fla. 1st DCA 1990), the first district held that the cause requirement of the statute “does not relate to the original basis for detention, but to the reason for the delay in the commencement of the adjudicatory hearing process.” We *83 agreed with the First District in B.G. v. Fryer, 570 So.2d 430 (Fla. 4th DCA 1990), and P.H. v. Fryer, 570 So.2d 1096 (Fla. 4th DCA 1990).
The reasons for continuing the detention of petitioner given by the trial court do not have anything to do with the required showing of cause under the statute but, as in E.W., deal with the grounds for the original detention. Therefore, petitioner is entitled to immediate release from detention.
The trial court also ordered the petitioner held on another charge upon which petitioner had previously been released from detention after serving two days. Recommitment to detention after release is permitted only after a new risk assessment has been compiled in accordance with section 39.044(9), Florida Statutes (1995). This was not done in this case. While the state contends that this error was waived because it was not raised below, we find that the court sua sponte ordered redetention as to that charge, since the state’s ore tenus motion was for extension of detention, which could only refer to the charge upon which petitioner was currently being detained. Thus, petitioner had no notice that the court would take such action and no opportunity to object. We therefore grant the petition and order her immediate release from detention on the second charge as well.
We are bound by the statutory requirements as set by the legislature. The Juvenile Justice Reform Act of 1994 made a major overhaul of the process by which this state detains and punishes juvenile offenders. See Fla. H.R. Comm, on Criminal Justice, CS for CS for SB 68 (1994) Staff Analysis (June 21, 1994). However, in that overhaul the legislature did not deem it necessary to change the terms of extending the pre-adju-dicatory detention period, even in light of the interpretation given to it in E.W., B.G., and P.H. Therefore, petitioner is entitled to its protection.
Petition granted.
KLEIN and PARIENTE, JJ., concur.