966 So.2d 994 (2007)
E.D., a Child, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D07-2905.
District Court of Appeal of Florida, Fifth District.
October 1, 2007.
*995 David W. Veliz of David W. Veliz, P.A., Orlando, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Respondent.
PALMER, C.J.
E.D., a juvenile, petitions this court seeking a writ of habeas corpus based upon the claim that he has been held in secured detention for more than 21 days in violation of section 985.26(2) of the Florida Statutes (2006).[1] Determining that the trial court did not err in concluding that the State demonstrated good cause for the continued detention, we deny E.D's petition.
On July 25, 2007, E.D. was detained on charges of burglary of a dwelling, petit theft, and criminal mischief. A trial was set for August 14, 2007, a date within the 21 days for secured detention provided by section 985.26(2) of the Florida Statutes. On August 14, 2007, the State orally requested a continuance because it was not prepared to proceed to trial. The trial court granted that motion. E.D. then filed a Motion to Release the Child from Detention, arguing that good cause for the continuance had not been shown as required by section 985.26(4).[2] After conducting a hearing, the trial court denied the motion. E.D. then filed the instant petition seeking habeas corpus relief in our court.
The mere granting of a continuance by the trial court does not establish "good cause" for purposes of the juvenile detention statute. In J.B. v. Lumpee, 450 So.2d 1286 (Fla. 2d DCA 1984), the district court held that a finding of good cause must be predicated on a record containing competent evidence of the reasons for continuing the detention period. In B.G., C.W. & B.O. v. Fryer, 570 So.2d 430 (Fla. 4th DCA 1990), the district court held that even though the trial court had granted a motion for continued detention for good cause, the order was granted pursuant to a conclusory motion without competent evidence to support its conclusory claims. Accordingly, good cause had not been shown for continuing the juveniles' detention beyond 21 days. Similarly, in E.W. v. Brown, 559 So.2d 712 (Fla. 1st DCA 1990), *996 the court held that merely parroting the language of good cause in a motion, without supporting competent evidence or specificity, did not constitute good cause for continued detention.
Accordingly, if the State had relied merely on conclusory statements to support its motion for continuance, the granting of that motion would not have entitled the State to continue E.D.'s detention beyond 21 days. However, the record in this case reveals a different situation.
When the prosecutor orally moved for a continuance, he simply indicated he did not have a chance to subpoena witnesses and, therefore, he needed additional time. However, at a later hearing held on the motion to release E.D. from detention, the trial court indicated that the basis of the earlier continuance was the fact that the property which was the subject of the alleged burglary had been subject to a probate proceeding and the State had difficulty locating and contacting the victim of the crime and, accordingly, the victim was unavailable for trial on the original trial date. Although the transcript of the earlier hearing does not reveal these facts, defense counsel acknowledged at the latter hearing that these facts were indeed the basis of the continuance. With these additional facts, the reasons given by the State for the continuance constitute good cause sufficient to allow E.D.'s continued detention.
PETITION DENIED.
PLEUS and GRIFFIN, JJ., concur.
NOTES
[1] Section 985.26(2) of the Florida Statutes (2006) provides:

985.26 Length of detention. 
* * *
(2) A child may not be held in secure, nonsecure, or home detention care under a special detention order for more than 21 days unless an adjudicatory hearing for the case has been commenced in good faith by the court.
[2] Section 985.26(4) of the Florida Statutes (2006) provides:

985.26 Length of detention. 
* * *
(4) The time limits in subsection (2) and (3) do not included periods of delay resulting from a continuance granted by the court for cause on motion of the child or his or her counsel or of the state.