IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

A.J.M., A CHILD,

      Petitioner,

v.

      Case No.  5D23-2003
      LT Case No. 16-2023-CJ-745

STATE OF FLORIDA,

      Respondent.

_____/

Opinion filed June 21, 2023

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Charlie Cofer, Public Defender and
Elizabeth Hogan Webb, Assistant
Public Defender, Jacksonville,
for Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and Darcy Townsend,
Assistant Attorney General, Tallahassee,
for Respondent.

PER CURIAM.


      A.J.M., a juvenile, petitions this Court for a writ of habeas corpus,

asserting that he is being wrongfully detained in extended secure detention

care past his initial 21 days of secure detention. Because competent evidence supports the court's finding that the preservation of public safety warrants an extension of Petitioner's secure detention, and because the trial court made that finding in writing, we deny the petition.

Petitioner is being prosecuted in the juvenile division of the circuit court on one count of written threats in violation of section 836.10, Florida Statutes (2021), a second-degree felony. The offense allegedly occurred on May 12, 2023. In short, the State alleges that Petitioner threatened a school shooting via social media, sent some individuals a picture of his hand holding a handgun, and discussed carrying out a school shooting in front of other students. The State further alleges that after receiving *Miranda* warnings, Petitioner admitted to authoring the threatening message and to having a hidden handgun at his aunt's house near the school.

Petitioner scored 18 points on his detention risk assessment instrument ("DRAI"), and on May 21, the court ordered his placement in secure detention care based on the DRAI score. On June 6, the State filed a motion to extend secure detention for an additional 21 days. The motion claimed that "[t]he nature of the charges and [Petitioner's] possible access to a firearm warrant secure detention for the preservation of public safety."

On the date that the State filed its motion, the trial court held a hearing. At that hearing, the State noted that it had failed to locate the firearm at issue, causing it to fear that Petitioner still had access to it and thus causing it to fear that his release would jeopardize public safety. It also noted that the Petitioner had not provided a psychological evaluation that might mitigate the State's public-safety concern. Petitioner objected to an extension of secure detention, contending that the State could not meet the statutory requirements, and arguing that he had no prior arrest record, had cooperated with law enforcement during his arrest, and had exhibited good behavior in detention. Petitioner responded to the State's concern about his potential firearm access by asserting that he is not attending school while on summer break, his home is firearm-free, the firearm at issue is no longer available to him, his mother could be home with him at all times, and he would submit to electronic monitoring and a no-contact order that prohibits him from being within 50 feet of his aunt and uncle.

At the conclusion of the hearing, the court granted the State's motion and ordered that Petitioner be securely detained for an additional 21 days, but its order did not check any box indicating the basis upon which it had extended the secure detention. Then, on June 12, after the instant petition was filed in this Court, the trial court entered an amended order, this time

3

checking a box that recited the court had found competent evidence to show good cause for the continued detention, namely the "preservation of public safety."

Section 985.26(2)(b), Florida Statutes (2022), provides:

Upon good cause being shown that the nature of the charge requires additional time for the prosecution or defense of the case or [that] the totality of the circumstances, including the preservation of public safety, warrants an extension, the court may extend the length of secure detention care for up to an additional 21 days if the child is charged with an offense which, if committed by an adult, would be a capital felony, a life felony, a felony of the first degree or the second degree, or a felony of the third degree involving violence against any individual. The court may continue to extend the period of secure detention care in increments of up to 21 days each by conducting a hearing before the expiration of the current period to determine the need for continued secure detention of the child. At the hearing, the court must make the required findings in writing to extend the period of secure detention. If the court extends the time period for secure detention care, it shall ensure an adjudicatory hearing for the case commences as soon as is reasonably possible considering the totality of the circumstances. The court shall prioritize the efficient disposition of cases in which the child has served 60 or more days in secure detention care.

§ 985.26(2)(b), Fla. Stat. (2022).

Under section 985.26, "a finding of good cause must be predicated on a record containing competent evidence of the reasons for continuing the detention period." *E.D. v. State*, 966 So. 2d 994, 995 (Fla. 5th DCA 2007). "[A] conclusory motion without competent evidence to support its

conclusory claims" is insufficient, *id.*, and "good cause" must be "more than merely the grounds relied upon for a juvenile's original detention." *B.G. v. Fryer*, 570 So. 2d 430, 432 (Fla. 4th DCA 1990). Similarly, the State fails to demonstrate good cause when it merely "parrot[s] the language of good cause in a motion, without supporting competent evidence or specificity." *E.D.*, 966 So. 2d at 996 (citing *E.W. v. Brown*, 559 So. 2d 712 (Fla. 1st DCA 1990)).

Here, the State offered evidence that provides good cause to extend Petitioner's secure detention care. The State alleged that Petitioner admitted to sending a school-shooting threat via social media, and to having access to a hidden firearm at his aunt's home. The State further alleges that it has yet to locate the firearm, leaving open the question of whether Petitioner could access the firearm were he to be released. By introducing evidence that Petitioner may still have access to a firearm, the State supported its request for continued secure detention with more than conclusory claims, and more than simply the grounds for Petitioner's original detention. While it's true that Petitioner responded to the State's concern about his potential firearm access, his response merely raised a factual dispute that the trial court was empowered to resolve. We therefore

conclude that competent evidence supports the State's motion for extending Petitioner's secure detention care. *See E.D.*, 966 So. 2d at 995.

Petitioner responds that even if the amended order could be supported by good cause, the trial court's box-check does not constitute the written findings that the statute requires. We disagree. The statute requires the court "to make the required findings in writing." § 985.26(2)(b). The only findings that the statute lists—and, therefore, the only findings to which the term "required findings" could refer—are that "good cause [has been] shown that the nature of the charge requires additional time for the prosecution or defense of the case or [that] the totality of the circumstances, including the preservation of public safety, warrants an extension[.]" *Id.*

Here, the trial court made a written finding that the preservation of public safety warrants an extension of Petitioner's secure detention care, and competent evidence supports that finding. We decline Petitioner's invitation to read into the statute a requirement to make additional supporting factual findings. *See Forrester v. Sch. Bd. of Sumter Cty.*, 316 So. 3d 774, 776 (Fla. 5th DCA 2021) ("In interpreting the statute, we follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their

6

context, is what the text means.'") (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)); *Burton v. Oates*, No. 5D23-1573, at 10 (Fla. 5th DCA June 12, 2023) (rejecting an invitation to read into a statute language that it does not contain).

PETITION DENIED.

LAMBERT, C.J., EDWARDS and PRATT, JJ., concur.