# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D23-2879
LT Case No. 2023-CJ-1314

_____

J.S., A CHILD,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

_____

On petition for a writ of habeas corpus to the Circuit Court for Duval County. W. Collins Cooper, Judge.

Charlie Cofer, Public Defender, and Elizabeth Hogan Webb, Assistant Public Defender, Jacksonville, for Petitioner.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Respondent.

September 26, 2023

PER CURIAM.

    J.S., a thirteen-year-old juvenile, petitions this Court for a writ of habeas corpus, asserting that he is being wrongfully detained in extended secure detention care past his initial 21 days of secure detention. We agree and grant his petition.

Petitioner is being prosecuted in the juvenile division of the circuit court on one count of aggravated battery causing great bodily harm, permanent disability, or permanent disfigurement in violation of section 784.045(1)(a)1., Florida Statutes (2023), which would constitute a second-degree felony if committed by an adult. The offense allegedly occurred on July 13, 2023. In short, the State alleges that Petitioner heated a cup of water in a microwave and threw the water on his sleeping eleven-year-old cousin, who sustained first- and second-degree burns to twelve percent of her body. Petitioner was arrested on August 30, 2023. The arrest report states that, after receiving *Miranda* warnings, Petitioner admitted to the charged conduct, stated that he intended it as a prank in response to an earlier prank in which the cousin had poured water on him and slapped him, and explained that he did not know how hot the water was and did not intend to harm his cousin. The arrest report also notes that Petitioner told officers he had apologized to his cousin.

Petitioner scored 18 points on his detention screening instrument, and on August 31, the court ordered his placement in secure detention care for an initial 21-day period that would end on September 20. The State then asked the court to extend the secure detention for an additional 21 days, and Petitioner asked for release from secure detention.

On September 14, the court held a hearing. At the hearing, the State grounded its extension request on "the facts of the case and the nature of the charges," focusing on the nature and extent of the victim's injuries rather than on whether the State would need additional time to prosecute the case. The State also grounded its extension request on an assertion that Petitioner's release would jeopardize public safety. The State argued that the facts of the case, the serious nature of the charge, and Petitioner's access to "his weapons" (water and a microwave) upon release indicate a danger to the public that warrants extended detention. The State did not, however, put forward any evidence or argument that Petitioner was likely to repeat the charged conduct. And indeed, Petitioner introduced testimony by several family members showing otherwise. In short, the family members testified that Petitioner never has had issues with violence or gangs, Petitioner never has been violent toward his siblings or cousins, Petitioner and his

family cooperated with the investigation, the victim has returned to her home in Indiana, and Petitioner would live alone with his father in Orlando were he released.

At the conclusion of the hearing, the court granted the State's motion and ordered that Petitioner be securely detained for an additional 21 days. Petitioner then sought a writ of habeas corpus in this Court.

Section 985.26(2)(b), Florida Statutes (2023), provides:

> Upon good cause being shown that the nature of the charge requires additional time for the prosecution or defense of the case or [that] the totality of the circumstances, including the preservation of public safety, warrants an extension, the court may extend the length of secure detention care for up to an additional 21 days if the child is charged with an offense which, if committed by an adult, would be a capital felony, a life felony, a felony of the first degree or the second degree, or a felony of the third degree involving violence against any individual. The court may continue to extend the period of secure detention care in increments of up to 21 days each by conducting a hearing before the expiration of the current period to determine the need for continued secure detention of the child. At the hearing, the court must make the required findings in writing to extend the period of secure detention. If the court extends the time period for secure detention care, it shall ensure an adjudicatory hearing for the case commences as soon as is reasonably possible considering the totality of the circumstances. The court shall prioritize the efficient disposition of cases in which

the child has served 60 or more days in secure detention care.

§ 985.26(2)(b), Fla. Stat. (2023).

Under section 985.26, "a finding of good cause must be predicated on a record containing competent evidence of the reasons for continuing the detention period." *E.D. v. State*, 966 So. 2d 994, 995 (Fla. 5th DCA 2007). "[A] conclusory motion without competent evidence to support its conclusory claims" is insufficient, *id.*, and "good cause" must be "more than merely the grounds relied upon for a juvenile's original detention." *B.G. v. Fryer*, 570 So. 2d 430, 432 (Fla. 4th DCA 1990). Similarly, the State fails to demonstrate good cause when it merely "parrot[s] the language of good cause in a motion, without supporting competent evidence or specificity." *E.D.*, 966 So. 2d at 996 (citing *E.W. v. Brown*, 559 So. 2d 712 (Fla. 1st DCA 1990)).

Here, the State failed to offer evidence that there is good cause to extend Petitioner's secure detention care. To begin, the State's focus on the nature of the charge in the abstract is misdirected. Section 985.26 allows for an extension where "the nature of the charge *requires additional time for the prosecution or defense of the case.*" § 985.26(2)(b) (emphasis added). The State presented no argument that it needed additional time to prosecute the case. Moreover, while the State did assert that the totality of the circumstances, including the preservation of public safety, warranted an extension, it offered no competent evidence to support that assertion aside from a claim that Petitioner would have access to water and a microwave upon his release. Petitioner, on the other hand, offered testimony that he had neither a propensity nor an opportunity to repeat the charged conduct. That testimony went unrebutted by the State. Therefore, the State failed to support its assertion that Petitioner's continued access to water and a microwave would jeopardize public safety.

The State nonetheless relies on our recent decision in *A.J.M. v. State*, No. 5D23-2003, 48 Fla. L. Weekly D1237 (5th DCA June 21, 2023), but we think the State overreads our precedent. In *A.J.M.*, we held that extended secure detention was warranted where the juvenile had threatened a school shooting with pictures of himself

4

holding a firearm, the State had not located the juvenile's firearm, and the parties raised a factual dispute over whether the juvenile continued to have access to the firearm. *Id.* Unlike in *A.J.M.*, there is no allegation that Petitioner has threatened future harm to others and no evidence suggesting that he may harm others in the future. Having failed to introduce competent evidence showing that Petitioner could and would repeat the charged conduct or otherwise would threaten public safety, the State cannot rely on *A.J.M.* as authority to extend Petitioner's secure detention care.

For the foregoing reasons, we grant the petition. The State has requested that, if we grant the petition, we direct the circuit court to order home detention with an electronic monitor. We decline to issue such a directive and instead leave these issues to the circuit court in the first instance.

PETITION GRANTED.

MAKAR, LAMBERT, and PRATT, JJ., concur.